**CITY OF DES MOINES,**
Iowa, Appellant,

v.

**CITY DEVELOPMENT BOARD OF**
the STATE OF IOWA, Appellee,

City of West Des Moines, Iowa,
Intervenor–Appellee.

No. 90–164.

Supreme Court of Iowa.

July 17, 1991.

Roger A. Nowadzky, Corp. Counsel, Richard J. Boyle, City Sol., and Louise M. Jacobs, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Elizabeth M. Osenbaugh, Deputy Atty. Gen., and James S. Wisby, Asst. Atty. Gen., for appellee City Development Board.

Jack W. Rogers, West Des Moines, for appellee City of West Des Moines.

SNELL, Justice.

Appellant, City of Des Moines, Iowa, appeals from an adverse ruling of the district court. The district court affirmed the decision of the City Development Board of the State of Iowa, holding that the board had jurisdiction and authority to act on a West Des Moines petition for voluntary annexation of property located in areas adjoining both the City of West Des Moines and the City of Des Moines; that the West Des Moines petition substantially complied with statutory requirements; that the board did not violate the procedural due process rights of any interested party; and that the decision of the board was not arbitrary, capricious, unreasonable, or without substantial supporting evidence. We affirm.

I. *Background Facts and Proceedings.*

Since 1985, the City of Des Moines has been working on a comprehensive land use plan. As part of the plan, the city planner recommended to the city council that certain land located south of the Raccoon River and west of 63rd Street be annexed. On February 15, 1988, the Des Moines City Council announced that a public hearing on the involuntary annexation petition was to be held on April 4, 1988.

Prior to the April 4 public hearing on the Des Moines involuntary annexation petition, an application for voluntary annexation of the territory was filed with the West Des Moines City Council by the owners of the property sought to be involuntarily annexed by Des Moines. The West Des Moines City Council approved the voluntary annexation application and filed a resolution with the City Development Board seeking the board's approval of the application on April 4, 1988. Des Moines thereafter filed a petition with the board for involuntary annexation of essentially the same territory.

On August 26, 1988, after hearing, the City Development Board approved the voluntary annexation request of West Des Moines. Des Moines and Polk County each requested a rehearing. The board granted the requests for rehearing on September 28, 1988. The rehearing was held on November 16, 1988, participated in by representatives of the City of West Des Moines, City of Des Moines, Polk County, and "the future residents of the City of West Des Moines," consisting of most of the applicants for voluntary annexation. The board heard arguments, considered all evidence and briefs submitted by the affected parties, and again approved the annexation, affirming its prior decision.

On February 14, 1989, the board filed its findings of fact and conclusions of law on rehearing holding that the annexation territory adjoins the City of West Des Moines; that the application for voluntary annexation approved by resolution of the West Des Moines City Council was signed by all of the landowners in the annexation territory; that it contained an accurate legal description of that territory; that it substantially complied with the requirements of the annexation statute and board rules; and that the voluntary annexation propos-

al, supported by numerous references in the record indicating the ability of the City of West Des Moines to provide substantial municipal services, was in the public interest.

Des Moines filed a petition for judicial review on March 9, 1989, appealing the board's decision. West Des Moines intervened on August 31, 1989. The issues were briefed, oral arguments presented, and a court order issued on January 3, 1990, affirming the board's decision. Des Moines filed this appeal.

## II. *Scope of Review.*

Our scope of review is limited under Iowa Code sections 17A.19, .20 and 368.22 (1987). We may review the decision of the district court pursuant to section 17A.20 (administrative procedure act), which provides that:

An aggrieved or adversely affected party to the judicial review proceeding may obtain a review of any final judgment of the district court under this chapter by appeal. The appeal shall be taken as in other civil cases, although the appeal may be taken regardless of the amount involved.

Furthermore, section 368.22 provides in part that:

The judicial review provisions of this section and chapter 17A shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action. The court's review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence. The court may reverse and remand a decision of the board or a committee, with appropriate directions. The following portions of section 17A.19 are not applicable to this chapter:

1. The part of subsection two which relates to where proceedings for judicial review shall be instituted.

2. Subsection five.

3. Subsection eight.

■ On appeal from the district court's order our review is limited to the sole question of whether the district court correctly applied the law. To make this determination, we ask whether there is substantial supporting evidence for the agency action in the whole record made before the agency. *City of Des Moines v. City Development Bd.*, 335 N.W.2d 449, 450 (Iowa App. 1983). If a reasonable person would find the evidence adequate to reach a decision, it is "substantial" for purposes of our review. *Id.* If our conclusions are the same as the district court's, affirmance is in order; if not, reversal may be required. *Id.*

It is also understood annexation law is purely statutory. The legislature prescribes conditions and procedures under which a municipality may extend its borders. We are therefore bound by these legislative prescriptions.

## III. *Jurisdiction.*

■ The City of Des Moines contends that because it initiated the annexation process first, it had exclusive jurisdiction over the disputed territory until its annexation proceedings had been completed. *City of Muscatine v. Waters*, 251 N.W.2d 544, 547 (Iowa 1977). Pursuant to the *Muscatine* case, Des Moines contends the board had no authority to act on the West Des Moines petition prior to the completion of the involuntary annexation proceedings initiated by it.

As the City of Des Moines correctly points out, our decision in *Muscatine* held that:

Where, as in this case, there is a dispute between two municipalities as to which has the right to annex a given territory, the one first initiating such proceedings thereby obtains exclusive annexation jurisdiction. Moreover, the entity first so legislatively acting ordinarily has the select right to complete its initiated program.

251 N.W.2d at 547 (citations omitted). Since Des Moines took the initial step towards annexation by setting a public hearing on the matter for April 4, 1988, at its

February 15, 1988, meeting, it argues that we must reverse the action of the board and dismiss the West Des Moines petition for want of jurisdiction. This argument is, however, flawed, since the legislative scheme upon which the *Muscatine* case was based has since been repealed and replaced.

At the time we decided the *Muscatine* case, Iowa Code chapter 362 (1973) regulated the involved processes. Today, Iowa Code chapter 368 regulates those processes. Under section 368.11, "[t]he board may combine for consideration petitions or plans which concern the same territory or city." We believe the legislative intent from this language that a municipality seeking to involuntarily annex a given territory, will not enjoy exclusive jurisdiction even though that municipality was the first to initiate such proceedings.

## IV. *Compliance with Statutory Requirements.*

Des Moines next contends that even if the board had jurisdiction to consider the West Des Moines petition, that petition failed to meet the statutory requirements of chapter 368. More specifically, Des Moines asserts that the initial petition West Des Moines filed with the board was not signed by all property owners of the proposed annexation territory as required by section 368.7. According to Des Moines, this failure was not cured by West Des Moines' first addendum which changed the description of the territory to exclude property whose owners had not signed the initial petition, and that all property owners that did sign the first petition did not sign the changed description. Des Moines also points out that when certain property owners requested to withdraw their signatures from the petition because they never consented to the changed description, their requests were denied. Consequently, Des Moines contends that by denying the requests to withdraw, the board effectively changed the nature of the proceedings from voluntary to involuntary without regard to the procedural requirements for involuntary annexation.

Des Moines further asserts that West Des Moines' second addendum did not cure the invalid signatures on the initial petition. Des Moines argues that the signatures were invalid because some were penned by individuals acting without authorization for property owned by corporations, while others were allegedly penned by persons lacking authority to sign. Des Moines also contends that the subsequent ratification of those signatures was invalid. Finally, Des Moines claims that certain documents contained in the second addendum were never presented to, or proved by, the West Des Moines city council.

■ At the outset, we note our previous holding that a failure to literally comply with every word of our annexation statutes is not fatal. *See Mason City v. Aeling,* 209 N.W.2d 8, 11 (Iowa 1973). Substantial compliance with prescribed procedural law is sufficient, and legislation establishing the method by which municipal corporate boundaries may be extended is to be liberally construed in favor of the public. *See City of Clinton v. Owners of Property, Etc.,* 191 N.W.2d 671, 674 (Iowa 1971).

It is apparent from chapter 368 that there is a distinction between voluntary and involuntary annexations. When all residents of a territory desire to be annexed to a city, and therefore make application for annexation, the need to have all available information regarding topography, services and the like is not great. Nor is a hearing to determine both sides of the issue necessary. Requiring the technical elements for an involuntary annexation be met, as set forth in section 368.11, for a voluntary annexation within another city's urbanized area, would render meaningless the distinction between voluntary and involuntary annexations.

■ The entire statutory scheme of chapter 368 demonstrates an intent to have the city development board oversee and approve orderly city development. The legislature treats voluntary annexations differently to encourage these arrangements by removing the more costly and involved procedures governing involuntary annexations. Applying the provisions of sections

368.11, .12, .14, .15, .16, .17, .18 and .19 is unnecessary, and would thwart the legislative scheme of distinguishing between voluntary and involuntary annexations. Accordingly, we find that the requirements of division III of chapter 368 for involuntary annexations with regard to the petition, appointment of the committee, public hearing, approval or disapproval by the committee, and the election are not strictly applicable to voluntary annexations.

■ We are satisfied that the challenged petition of West Des Moines substantially complies with the statutory requirements set out in chapter 368. We are also satisfied that none of the parties, nor the applicant property owners, were misinformed or misled by the minor changes permitted by the board in the legal description of the annexation territory, and that requiring all consenting property owners to sign a new petition for annexation, because a few pieces of property would not be included in the newly described annexation territory, would unduly thwart the voluntary annexation process.

■ The argument by Des Moines that all of the owners of land in a territory adjoining West Des Moines did not request the annexation is unpersuasive. Sections 368.1(10) and .7 by definition of "territory" appear to contemplate the existence of islands of unannexed land which would not prevent an annexation of other land. In any event, the evidence before the board was sufficient to allow the finding that the petitioning owners had complied with the statute in this voluntary annexation. Moreover, we agree with the board that its jurisdiction cannot be defeated by the attempted withdrawal of some petitioning owners after the board's jurisdiction was obtained. This belated withdrawal, Des Moines argues, resulted in the annexed territory having less than 200 feet of common boundary with West Des Moines, thus failing to meet the requirement of section 368.-1(11). We hold that jurisdiction was legally obtained by the board and was not ousted by any withdrawal. *Cf. Ward v. Incorporated Town of Clover Hills*, 240 Iowa 900, 906, 38 N.W.2d 109, 113 (1949).

## V. *Procedural Due Process.*

■ Des Moines makes an ancillary argument that the board violated its procedural due process rights. Des Moines contends that these rights were violated because subsequent to the May 18, 1988, public hearing, the board permitted the parties to submit additional information, but did not provide an opportunity to cross-examine witnesses, inspect documents submitted, offer rebuttal evidence, or present additional arguments.

The fundamental elements of due process are notice and an opportunity to be heard. *See Hearth Corp. v. C-B-R Dev. Co., Inc.*, 210 N.W.2d 632, 637 (Iowa 1973). Both elements are satisfied in this case. All parties were given sufficient opportunity to be heard and present arguments. When West Des Moines submitted additional documents at the May 18, 1988, meeting, the board gave all other parties the opportunity to submit additional information up to May 31, 1988. Furthermore, the matter was set for rehearing, and reheard, on November 16, 1988. The board even provided all parties with an opportunity to submit further briefs at the conclusion of the November 16 rehearing. The parties, however, declined this invitation. Des Moines was provided sufficient notice and an opportunity to be heard on the issues in this case. We find the board did not violate Des Moines' procedural due process rights.

## VI. *Substantial Evidence.*

■ Finally, Des Moines argues that the board's decision was arbitrary, capricious, unreasonable, and without substantial supporting evidence because the board did not make specific comparisons between the competing cities of West Des Moines and Des Moines.

The record in this case indicates that the board did in fact consider Des Moines' testimony and evidence in support of its involuntary annexation petition at the same time it considered the merits of the West Des Moines voluntary petition. We believe the board had in mind the respective claims

and proposals of both cities as it deliberated its decision.

Des Moines further contends that there is no indication in the record that the board ever considered the potential effect of the West Des Moines petition on adjacent areas, or on units of government which may be directly affected by the annexation, as required by section 368.16. Section 368.16 provides in pertinent part as follows:

Subject to section 368.17, the committee shall approve any proposal which it finds to be in the public interest. A committee shall base its finding upon all relevant information before the committee, including but not limited to the following:

. . . .

5. Cost and adequacy of existing services and facilities.

6. Potential effect of the proposal and of possible alternative proposals on the cost and adequacy of services and facilities.

7. Potential effect of the proposal on adjacent areas, and on any unit of government directly affected, including but not limited to the potential effect on future revenues of any such unit of government.

Additionally, section 368.17 provides that the committee may not approve

[a]n annexation unless the territory is adjoining the city to which it will be annexed, and the committee finds that the city will be able to provide to the territory substantial municipal services and benefits not previously enjoyed by such territory, and that the motive for annexation is not solely to increase revenues to the city.

As previously stated, sections 368.16 and .17 are not specifically applicable to the voluntary annexation procedures of section 368.7. The board is not the same entity as the "committee" described in section 368.-16. However, this conclusion does not mean that the sections in division III of chapter 368 are not persuasive on the interpretation given section 368.7. Sections 368.12, .16 and .17 apply to section 368.7 only to the extent that they provide us with insight into the legislative intent in creating the board, and an understanding of the general issues involved in annexation matters. *City of Des Moines*, 335 N.W.2d at 455. Among these issues are those raised by the City of Des Moines relating to essential services and the assurance that such services will be secured to the area being considered for annexation. Section 368.16 specifically requires the committee to consider the "public interest." Taken together, the sections in division III of chapter 368 establish general standards sufficient to guide the board in approving or disapproving an application for voluntary annexation.

In the present case, it was shown by substantial evidence that the City of West Des Moines will be able to provide substantial municipal services and benefits not previously enjoyed by the annexed territory and that the annexation is in the public interest. *Cf. Town of Clive v. Colby*, 255 Iowa 483, 489–92, 121 N.W.2d 115, 118–20 (1963). In its findings of fact and conclusions of law the board found that West Des Moines was also willing to provide municipal services to unannexed parcels within the annexed territory in the event Polk County did not provide them. *See* Iowa Code ch. 28E (joint exercise of governmental powers). The factual backdrop is thus significantly different from that in *City of Des Moines* where the proposed annexation was denied. 335 N.W.2d at 455. We find the board's actions supported by substantial evidence in the whole record made before it. The board acted within the scope of its statutorily granted authority in approving the voluntary annexation petition of West Des Moines. We hereby affirm its decision in all respects.

AFFIRMED.

All Justices concur except LAVORATO, J., who takes no part.