**CITIZENS OF RISING SUN, Appellant,**

v.

**RISING SUN CITY DEVELOPMENT COMMITTEE, Appellee,**

**City of Pleasant Hill, Iowa, Intervenor–Appellee.**

No. 93–1820.

Supreme Court of Iowa.

March 29, 1995.

Frank Murray Smith, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., and Christie J. Scase, Asst. Atty. Gen., for appellee.

Larry Blumberg, Des Moines, for City of Pleasant Hill, intervenor-appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, ANDREASEN, and TERNUS, JJ.

McGIVERIN, Chief Justice.

Iowa Code chapter 368 (1993) establishes procedures and conditions for incorporation of a territory into a city. One condition for incorporation is that citizens seeking to incorporate must show an ability "to provide customary municipal services within a reasonable time." The respondent city development committee found and determined that petitioner Citizens of Rising Sun failed to meet this burden. On judicial review, the district court concluded substantial evidence supported the committee's decision disapproving the Citizens of Rising Sun's petition to incorporate their territory into a city. We agree and thus affirm the district court's judgment.

I. *Background facts and proceedings.* In 1992, Citizens of Rising Sun (Rising Sun) submitted a petition to the City Development Board, *see* Iowa Code section 368.9, to incorporate the territory known as Rising Sun into a city. *See id.* § 368.11. The proposed new city of Rising Sun is located adjacent to the eastern boundary of the city of Pleasant Hill in eastern Polk County and consists of approximately five square miles. The estimated population of the area is 1,022 persons who live in single family residences on small acreages and farms.

In order to consider Rising Sun's proposal, the Rising Sun City Development Committee (Committee) was formed pursuant to Iowa Code section 368.14. The Committee consisted of five permanent members of the City Development Board who had been appointed by the governor, *see id.* section 368.9, and one local representative from the territory involved who was appointed by the county board of supervisors, *see id.* section 368.14(1).

Once formed, the Committee held a public hearing on Rising Sun's petition for incorporation. *See id.* § 368.15. Aware of Iowa Code section 368.17(1)'s requirement that it must show an ability to provide customary municipal services, Rising Sun submitted evidence of the types of services it would provide and the methods by which it would provide them.

Rising Sun produced evidence that it would be able to provide most customary municipal services, including law enforcement, fire protection and rescue, road maintenance and construction, library, and some administration, through contracts with other governmental entities pursuant to Iowa Code chapter 28E.[1]

Rising Sun also presented evidence of other services, such as natural gas, electricity, water, garbage, and sewer services, that would be provided through franchise agreements, individual contracts, or by the residents themselves.

Finally, Rising Sun stated that it would provide certain services itself. These included city clerk services, legal services, and cemetery services.

As Rising Sun admitted, the provision of the majority of these services would remain essentially the same after the proposed incorporation as they had been before the pro-

---

1. Iowa Code section 28E.4 provides in relevant part that "[a]ny public agency of this state may enter into an agreement with one or more public or private agencies for joint or co-operative action pursuant to the provisions of this chapter."

posed incorporation. Also, Rising Sun emphasized that it sought to maintain the mostly residential and agricultural character of the area, and that it did not have any plans for a centralized commercial district or for industrial development.

Two other governmental entities from Polk County appeared at the public hearing: Polk County and the city of Pleasant Hill. Polk County did not take any position for or against the incorporation.

Pleasant Hill, however, opposed the incorporation. Pleasant Hill had twice attempted to involuntarily annex, pursuant to chapter 368, all or portions of the Rising Sun territory into its city during the past few years, but had been unsuccessful.

After the public hearing, the Committee held its decisional meeting and subsequently filed its findings, conclusions, and determination. *See* Iowa Code § 368.19. The Committee found and concluded that the proposed city could not provide customary municipal services within a reasonable time. In particular, the Committee reasoned that indefinitely contracting for all services does not constitute the provision of municipal services. Also, the Committee found and concluded that the proposed incorporation was not in the public interest. *See id.* § 368.16. The Committee, therefore, disapproved Rising Sun's petition. *See id.* § 368.17(1).

Rising Sun filed a petition for judicial review with the district court. *See id.* § 368.22. The district court ruled that both Committee conclusions and its final decision were supported by substantial evidence. *See id.*

Rising Sun appealed, *see id.* section 17A.20, contending that the Committee erred in determining that contracting, either privately or through chapter 28E agreements, for municipal services cannot satisfy section 368.17(1)'s requirement that it show the proposed city would "provide customary municipal services within a reasonable time." Rising Sun also contends that the Committee erred in concluding that the incorporation of Rising Sun was not in the public interest as required by section 368.16.

II. *Scope of review.* Our review of a city development committee's decision to deny or approve a petition for incorporation is limited generally under Iowa Code section 17A.19 and specifically under section 368.22. Section 368.22 provides in pertinent part that:

The judicial review provisions of this section and chapter 17A shall be the *exclusive* means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action. *The court's review on appeal of a decision is limited to questions relating to* jurisdiction, regularity of proceedings, and *whether the decision appealed from is* arbitrary, unreasonable, or *without substantial supporting evidence.* The court may reverse and remand a decision of a ... committee, with appropriate directions.

(Emphasis added.)

Section 368.22 then states that certain portions of section 17A.19's general judicial review provisions are not applicable to chapter 368 actions. These include subsection 17A.19(8) which sets forth several reasons a reviewing court may grant relief from other agencies' actions.

■ Accordingly, section 368.22 and the contentions as submitted by the parties limit our review in this incorporation case to the sole question of whether there is substantial supporting evidence for the Committee's decision. *See* Iowa Code § 368.22; *see also Des Moines v. City Dev. Bd.,* 473 N.W.2d 197, 199 (Iowa 1991). To make this determination, we ask whether a reasonable person would find the evidence adequate to reach the decision made by the committee; if a reasonable person would find the evidence adequate to reach the same decision as the committee, it is "substantial" for purposes of our review. *See Dickinson County v. City Dev. Comm.,* 521 N.W.2d 466, 469 (Iowa 1994) (citation omitted).

III. *Relevant incorporation statutes.* Incorporation law is purely statutory. *See* Iowa Code ch. 368; *see also Des Moines v. City Dev. Bd.,* 473 N.W.2d at 199. The legislature prescribes procedures and conditions under which citizens may incorporate a territory as a city, *see* Iowa Code section

368.1(13), and we are bound by those legislative prescriptions. *See id.* ch. 368; *see also Des Moines v. City Dev. Bd.,* 473 N.W.2d at 199.

The legislative prescriptions for incorporation which are the focus of this case are sections 368.16 and 368.17(1). Section 368.16 provides in part: *"[s]ubject to section 368.17,* the committee shall approve any proposal which it finds to be in the public interest." (Emphasis added.) Several factors the committee may consider in determining the public interest are then set forth in subsections 368.16(1) through (7).

Section 368.17(1) provides: "The committee may not approve: 1. An incorporation unless it finds that the city to be incorporated *will be able to provide customary municipal services within a reasonable time."* (Emphasis added.)

The Committee found that the petitioner Rising Sun did not comply with either section 368.16 or section 368.17(1). However, if substantial evidence supports the Committee's findings and conclusion concerning section 368.17(1), we need not consider the section 368.16 issue because section 368.16 makes fulfillment of section 368.17(1)'s requirements a condition precedent to consideration of section 368.16.

Thus, the main question is whether substantial evidence supports the Committee's findings and determination that Rising Sun will not "be able to provide customary municipal services within a reasonable time" as required by section 368.17(1).

IV. *Rising Sun's showing regarding provision of customary municipal services.* Rising Sun had the burden to establish by a preponderance of the evidence that it could provide customary municipal services within a reasonable time. *See* Iowa Code §§ 368.11, 368.17(1); *Dickinson County,* 521 N.W.2d at 469; *see also* Iowa R.App.P. 14(f)(5), (6). The burden of proving such an allegation requires an affirmative showing that Rising Sun is capable of furnishing such services and benefits. *See Dickinson County,* 521 N.W.2d at 469.

At the public hearing held by the Committee, Rising Sun produced evidence of both its ability to provide the proposed municipality with several services and the methods by which it would provide them. Rising Sun submitted that it would provide most services through intergovernmental contractual agreements authorized by chapter 28E of the Iowa Code. The services to be provided in this manner were:

—*Law Enforcement.* The Polk County Sheriff's Department would provide dispatch, patrol, accident investigation, criminal investigation, narcotics task force, community programs such as DARE and Neighborhood Watch, a liaison officer specially assigned to Rising Sun, a monthly activity report and record keeping, detective services, and all other law enforcement services offered by Polk County.

—*Fire Protection and Rescue Services.* The Camp Township and Altoona Fire Departments would provide these services.

—*Road Maintenance and Construction.* Polk County would provide these services, including road repair, weed control, snow removal, road-ditch maintenance, shoulder maintenance, sanding, and related road services.

—*Library Services.* The Des Moines Public Libraries would provide Rising Sun residents with access to the largest public library in Iowa, computer assisted data and technical support services, fine art and record collections, and related services.

—*Administrative Services.* Polk County would perform building inspections, animal control, and plan and zoning services.

Additionally, the petitioner offered evidence of the following services which would be provided on a franchise or an individual, contractual basis:

—*Natural Gas and Electricity.* Midwest Gas and Midwest Power would provide natural gas and electricity, respectively, pursuant to franchise agreements identical to those required of other municipalities.

—*Water Service.* Individual consumers would purchase water service directly from the Southeast Polk Rural Water District.

—*Garbage Collection.* Individual customers would make payments for garbage collection directly to a private hauler.

—*Sewer Services.* Rising Sun would not provide a central sewage system. Sewer services would initially be continued by private septic systems.

Finally, Rising Sun stated that it would provide certain services itself. These included:

—*Administrative Services.* City clerk services, legal services, and insurance would be provided by Rising Sun.

—*Cemetery Services.* Rising Sun would maintain the local cemetery.

Neither chapter 368 nor Iowa case law defines the phrase "[provision of] customary municipal services within a reasonable time." *Cf.* Iowa Code § 368.11(8) (defining "existing municipal services"). Further, all found case law interpreting chapter 368 and its requirements involve chapter 368's conditions for annexation of a territory, found in section 368.17(4), rather than its conditions for incorporation of a territory, found in section 368.17(1). *See, e.g., Dickinson County,* 521 N.W.2d at 469 (interpreting section 368.17(4)'s phrase "substantial municipal services and benefits not previously enjoyed" to require the petitioner to prove that the territory did not previously enjoy the proposed services and benefits); *Des Moines v. City Dev. Bd.,* 473 N.W.2d at 201–02 (concluding substantial evidence supported decision that the annexing city met section 368.17(4)'s requirement that it "provide substantial municipal services and benefits not previously enjoyed" to the annexed territory); *City of Decorah v. Peterson,* 203 N.W.2d 629, 631–32 (Iowa 1973) (defining "municipal services" in context of an annexation proceeding to include police protection, fire protection, street maintenance and construction, water services, sewage services, and administrative services).

These annexation cases do not serve as precedent for incorporation cases, but they do demonstrate that incorporation and its requirements under section 368.17(1) are different than annexation and its requirements under section 368.17(4). The annexation cases also show that the section 368.17(1) requirements are less stringent than their counterparts in section 368.17(4). But even if the incorporation statute is less demanding than the annexation statute, we believe the incorporation statute still requires a petitioner to demonstrate a sound economical reason for incorporation of a territory into a city and a reasonable plan for the city itself to furnish substantial municipal services within a reasonable time.

■ The Committee found that petitioner had shown neither a sound economical reason for incorporation nor a reasonable plan for the provision of customary services to the proposed city of Rising Sun. In its findings of fact, the Committee stated that "[w]ith the current population density, it is cost prohibitive to provide a high level of urban services that would justify incorporation to the territory." The Committee also "found that the petitioners proposed to leave most of the services exactly as they have been [with] [t]he same parties provid[ing] the services and the City contracting for these services." The Committee then stated that "[c]ontracting for all of the services does not constitute the provision of customary municipal services."

Based on these findings, the Committee concluded that "the proposed city would not provide customary municipal services to the territory within a reasonable time," and that it was "barred from approving the proposed incorporation pursuant to section 368.17(1) of the Iowa Code."

Substantial evidence supports the Committee's determination. Petitioner did not anticipate directly furnishing any services to the territory, except a part-time city clerk and legal services needed to establish and maintain contracts for services. Instead, petitioner admitted in its petition for incorporation that all services would remain essentially in the status quo, continuing to be provided by the county, townships, adjacent cities or private businesses. Also, the petitioner failed to include a contingency plan for staffing or funding to provide municipal services if the contracts could not be maintained, or a comprehensive plan for the independent provi-

sion of substantial municipal services in the future. Finally, Rising Sun emphasized in its petition for incorporation that it sought to maintain the mostly residential and agricultural character of the area and that it did not have any plans for a centralized commercial district or for industrial development.

Based on this evidence in the record, a reasonable person could conclude, as did the Committee, that Rising Sun would not be able to provide customary municipal services within a reasonable time to the proposed territory as required for municipal incorporation under section 368.17(1).

V. *Conclusion.* Because substantial evidence supports the decision of the Committee to disapprove the petitioner's incorporation petition, we need not discuss whether substantial evidence also supported the Committee's alternative conclusion that petitioner's proposal to incorporate was not in the public interest as required by section 368.16.

Under our view of the case, we also need not discuss other issues raised by intervenor Pleasant Hill.

We affirm the district court judgment on judicial review which upheld the decision of the city development committee.

**AFFIRMED.**