**DEER CREEK HOMEOWNERS ASSOCIATION et al., Petitioners–Appellants,**

v.

**CITY DEVELOPMENT BOARD, State of Iowa, and City of Urbandale, Respondents–Appellees.**

No. 95–0228.

Court of Appeals of Iowa.

Sept. 30, 1996.

Peter S. Cannon of Connolly, O'Malley, Lillis, Hansen & Olson, Des Moines, for petitioners–appellants.

Thomas J. Miller, Attorney General, and Heather L. Adams, Assistant Attorney General, for respondents–appellees Board and State.

Robert H. Laden of Hyland, Laden & Pearson, P.C., Des Moines, for respondent–appellee Urbandale.

Heard by SACKETT, P.J., and HABHAB and STREIT, JJ.

HABHAB, Judge.

Petitioners, homeowners in the unincorporated area known as Deer Creek, appeal the decision granting Urbandale's petition for involuntary annexation. We affirm.

On November 1, 1990, the City of Urbandale filed a petition for the involuntary annexation of Deer Creek, an area of about one hundred fifty acres completely surrounded by Urbandale in which there exists approximately fifty upscale single-family residences. The city development board formed a city development committee to determine whether the petition served the public interest. A public hearing was held on April 17, 1991.

On June 10, 1991, a new law, S.F. 4, went into effect which required the expansion of the city development board from three to five members. 1991 Iowa Acts ch. 250, § 5 (codified at Iowa Code § 368.9(1) (1995)). On July 10, 1991, the committee approved the Deer Creek annexation without expansion of the board.

On August 20, 1992, the district court granted Deer Creek's first petition for judicial review. The district court reversed the committee's decision and remanded the matter to be decided by an expanded board.

On remand, Deer Creek filed a motion to dismiss contending the ninety-day period of section 368.19 had expired. The board denied the motion to dismiss. Deer Creek's second petition for judicial review challenging this ruling was dismissed and the case was again remanded for consideration by the board.

On December 15, 1993, the city development committee conducted a second public hearing with an expanded board. On December 27, 1993, the committee received and considered a letter from the Urbandale Sanitary Sewer District addressing the district's ability to provide sewer service to Deer Creek. On January 18, 1994, the committee voted to approve the annexation. The committee denied Deer Creek's subsequent application for rehearing.

Deer Creek then filed its third petition for judicial review in which it contended: (1) the annexation petition should have been dismissed because there was no valid decision within ninety days of the initial public hearing; (2) a rehearing should have been granted on the matter of the sewer district's ability to offer services to Deer Creek; (3) the committee erred in finding Urbandale could provide substantial municipal services not previously enjoyed; and (4) the committee erred in finding the annexation was not solely motivated by increased tax revenues.

The district court concluded there had been a decision on the annexation petition within ninety days of the initial public hearing and, on remand, there had been a decision within ninety days of the second public hearing. Consequently, there was compliance with section 368.19. The district court next concluded the committee did not err in considering the sewer district's letter received on December 27. The court noted the letter was not inconsistent with the information received at the public hearing and Deer Creek could have commented on it but chose not to do so. Finally, the district court concluded there was substantial evidence in the record to support the committee's findings that Urbandale could provide substantial services not previously enjoyed by Deer Creek and Urbandale's sole motivation for the annexation was not increased tax revenues.

■ Deer Creek now appeals the same issues. Our scope of review is limited by section 368.22.[1] With respect to factual questions, our review is limited to whether the decision appealed from is "without substantial supporting evidence." *Dickinson County v. City Dev. Comm.*, 521 N.W.2d 466, 468 (Iowa 1994). With respect to questions of law, we ask only whether the district court correctly applied the law. Id.

---

1. The judicial review provisions of this section and chapter 17A shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of that agency action. The court's review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence. Iowa Code § 368.22 (1995).

*I. Iowa Code § 368.19.* Deer Creek contends the petition for involuntary annexation should have been dismissed because the committee did not approve the petition within the time limitations of section 368.19. That statute provides in relevant part:

> The committee shall approve or disapprove the petition or plan as amended, within ninety days of the final hearing, and shall file its decision for record and promptly notify the parties to the proceeding of its decision.

Iowa Code § 368.19 (1991).

Deer Creek asserts the committee's July 10, 1991, approval of the annexation petition was vacated by the district court's August 20, 1992, ruling on their first petition for judicial review. As a result, they contend the committee did not comply with the section 368.19 time limitation. They argue the petition should have been dismissed and the second public hearing should not have been held.

■ A review of the district court's ruling reveals the decision of the committee was not vacated but was reversed and remanded to be decided before an expanded board as required by S.F. 4. This decision was in accordance with the transition provisions of S.F. 4 which addressed how the new law was to be applied to pending applications for annexation.

> Any voluntary application or involuntary city development petition which is pending before the board or a committee of the board on or after April 1, 1991, shall be remanded to the board for action under chapter 368 as amended by this Act. Notice of the remand shall be served upon the council of each city whose boundary adjoins the territory or is within two miles of the territory, the board of supervisors of each county which contains a portion of the territory, and the regional planning authority of the territory involved.

1991 Iowa Acts ch. 250, § 11.

■ S.F. 4 made substantial changes to chapter 368 of the Code, and it is significant the legislature adopted this transition provision. Due to the importance of the new law, including the requirement for an expanded board, S.F. 4 was to take effect upon enactment. However, the law allowed the governor thirty days to appoint two additional city development board members. The legislature clearly foresaw that some pending annexation applications would not be able to meet the ninety-day deadline of section 368.19 while still complying with the requirement of an expanded board. This potential conflict was resolved by including a transition provision in the legislation which would remand pending applications. In the case of a remand, the ninety-day period would run from the time of the rehearing.

The committee approved the petition within ninety days of the original hearing, and it approved it again within ninety days after the rehearing following the remand. The committee acted in compliance with section 368.19 and S.F. 4. The board and the district court correctly applied the law and did not err in refusing to dismiss the petition.

*II. Receipt of Additional Evidence.* The second public hearing was held on December 15, 1993. On December 27, 1993, the City of Urbandale filed a brief. Iowa Admin. Code r. 263–3.24. Attached to its brief was a letter from the Urbandale Sanitary Sewer District. The letter indicated it was the policy of the district to provide sewer service only within the City of Urbandale.

Following the filing of the committee's March 15, 1994, written decision approving the petition for annexation, Deer Creek sought a rehearing. Among other things, it contended it was inappropriate for the district's December 27 letter to have been submitted to, and considered by, the committee.

■ The administrative rules governing the committee address the admission of evidence after the close of the public hearing:

> At any stage of the hearing or after the close of the hearing but prior to decision, the committee may call for further evidence to be presented by the parties concerned. All parties shall be given a copy of said additional evidence and shall have an opportunity to comment on said evidence either orally or in writing as the committee so specifies.

Iowa Admin. Code r. 263–3.19. Deer Creek had a copy of the letter prior to the commit-

tee's decision and did not object or comment on it until after the committee made its decision and Deer Creek sought a rehearing. The contents of the letter were consistent with evidence offered at the public hearing (evidence contradicting this letter had already been presented by Deer Creek), and no rehearing was warranted on the issue of the district's ability to provide Deer Creek with sewer service. The district court was correct in affirming the board's denial of the motion for rehearing.

■ *III. Substantial Municipal Services Not Previously Enjoyed.* Deer Creek contends there is not substantial supporting evidence in the record to prove Urbandale would be able to provide Deer Creek with substantial municipal services not previously enjoyed by its residents. Our review of this question is limited to determining whether there is substantial evidence to support the committee's findings. "If a reasonable person would find the evidence adequate to reach a decision, it is 'substantial' for purposes of our review." *City of Des Moines v. City Dev. Bd.,* 473 N.W.2d 197, 199 (Iowa 1991).

At issue are the requirements of section 368.17.

> The committee may not approve: ... [a]n annexation unless the territory is adjoining the city to which it will be annexed, and the committee finds that the city will be able to provide to the territory substantial municipal services and benefits not previously enjoyed by such territory, and that the motive for annexation is not solely to increase revenues to the city.

Iowa Code § 368.17(4) (1993). The supreme court has held a territory proposed for annexation cannot frustrate annexation by merely showing it already enjoys some of the same services the annexing city proposes to extend. *Dickinson,* 521 N.W.2d at 469.

> On the other hand, it is true that a territory proposed for annexation cannot frustrate annexation by merely showing that it already enjoys some of the same services the annexing city proposes to extend. *See City of Cedar Falls v. Sieglaff,* 259 Iowa 263, 269, 144 N.W.2d 116, 120 (1966) (denial of proposed annexation would not be

justified because a large industrial plant located in the area to be annexed had provided itself with some of the same services the annexing city was capable of furnishing). The key here is *substantial* services and benefits. If the same services and benefits the annexing city proposes to extend are substantially more in degree than what the territory proposed for annexation is enjoying, then the annexing city meets the "not previously enjoyed" requirement.

*Dickinson,* 521 at 469.

■ A review of the record reveals there is substantial supporting evidence to support the committee's finding that Urbandale could provide substantial municipal services and benefits not previously enjoyed by Deer Creek residents. The residents of Deer Creek presently use septic systems. There was evidence their area could be provided with sanitary sewer services if annexed by Urbandale. Urbandale provides engineering services and the maintenance of lateral lines for the Urbandale Sanitary Sewer District. The evidence indicated it was not the policy of the district to extend its services to areas not part, or expected to become part, of Urbandale. The availability of sewer service is a substantial municipal service not previously enjoyed by the residents of Deer Creek.

While both Urbandale and Deer Creek obtain water from Des Moines, there was evidence Urbandale had constructed an additional water main along the south edge of Deer Creek. If annexed, Deer Creek could obtain the benefit of this additional source for greater water capacity.

Deer Creek residents contract for fire and police services through Polk County. There was evidence Urbandale police, fire, and emergency personnel could provide faster and better skilled services.

There was considerable other evidence regarding additional municipal services which Urbandale could provide. Without addressing them all, we find they were supported by evidence offered to the committee.

There was substantial evidence in the record to support the committee's finding that Urbandale could provide Deer Creek with a substantially greater degree of municipal services than it presently enjoyed. The district court properly affirmed the committee's decision.

**IV. Not Solely Motivated by Tax Revenues.** Deer Creek argues the annexation decision was solely motivated by the desire to acquire additional tax revenues in contravention of section 368.17. Courts are not so naive as to believe annexation proceedings are proposed by cities solely for the purpose of rendering services. *Town of Coralville v. Great Lakes Pipe Line Co.*, 253 Iowa 23, 30, 110 N.W.2d 375, 379 (1961). Increased revenues may be a factor and section 368.17(4) only requires the motive for annexation is not *solely* to increase revenues to a city.

Our supreme court has held where there is an affirmative showing the municipality is capable of furnishing the area to be annexed with substantial municipal services and benefits not previously enjoyed, "a finding is warranted that the annexation will not result merely in increasing the municipality's revenue from taxation." *City of Altoona v. Sandquist*, 230 N.W.2d 507, 509 (Iowa 1975). Essentially, proof of the provision of substantial municipal services not previously enjoyed negates a finding the motive for annexation is solely to increase tax revenues. *See City of Decorah v. Peterson*, 203 N.W.2d 629, 631 (Iowa 1973).

Deer Creek was an "island" surrounded by Urbandale, and Urbandale was in a position to provide it with substantial services and benefits not previously enjoyed by its residents. A review of the record reveals substantial evidence to support the committee's finding that Urbandale's motivation was not solely to increase tax revenues.

**AFFIRMED.**