Charles W. GORMAN, Appellant,

v.

CITY DEVELOPMENT
BOARD, Appellee.

No. 96–602.

Supreme Court of Iowa.

June 18, 1997.

Rehearing Denied July 23, 1997.

Paul E. Huscher, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Christie J. Scase, Assistant Attorney General, for appellee.

Stephen C. Nelson and Jeff J. Goedken of Moyer & Bergman, P.L.C., Cedar Rapids, for amicus curiae Troy and Norma Hames.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

This case involves landowners who filed an application for voluntary annexation of their property to the City of Cedar Rapids (City). The application contained a legal description that misdescribed the property. Enclosed with the application was a map that correctly

showed and described the landowners' property. The application description error was not corrected until after the City Development Board (Board) approved the annexation, which occurred after notice of the application for annexation was published in the newspaper and after the Cedar Rapids City Council passed a resolution approving the annexation. Charles Gorman, who was not a landowner involved in the proceedings, challenged the annexation, claiming the incorrect legal description failed to satisfy the statutory requirements of Iowa Code section 368.7 (1995). The district court affirmed the decision of the Board, approving the annexation. On appeal, we reverse.

## I. *Background Facts and Proceedings.*

In April 1995, several members of the Roemig family (Roemigs) delivered a written request for voluntary annexation of approximately 120 acres of their property to the City. *See* Iowa Code § 368.7. The land had a common boundary with Cedar Rapids and was located within two miles of the City of Fairfax. In the application, the Roemigs described the land as follows:

> N½ of the SE¼ of section 35–83–8, Linn County, Iowa, subject to the public road; and
>
> NW¼ of the SE¼ of section 35–83–8, Linn County, Iowa, subject to the public road.

Unfortunately, the Roemigs misdescribed their property and the first line of the description should have stated: "N½ of the SW ¼," not "N½ of the SE¼." Because of this typographical error, eighty acres of the Roemigs' property was not described and forty acres of land not owned by the Roemigs, the NE¼ of the SE¼, were included in the description of the land to be annexed. The Roemigs enclosed with their application a map which correctly showed the area to be annexed and correctly described the land.

The City provided a copy of the voluntary annexation plat to the City of Fairfax, the Linn County Board of Supervisors, and the East Central Iowa Council of Governments. On May 6, the City had a notice of annexation published in the *Cedar Rapids Gazette*. *See id.* § 368.7(3). This notice, which included the incorrect legal description, informed the public that the City Council would consider the application for annexation at a public meeting at a designated time and place. After the meeting, the City Council unanimously adopted a resolution approving the annexation. The resolution used the incorrect legal description to identify the annexed land.

Because the Roemigs' property was in an urbanized area, their application to annex required the additional approval of the Board. *See id.* §§ 368.1(15) (defining urbanized area as "any area of land within two miles of the boundaries of a city"), 368.7(3) (requiring Board approval). The Board gave notice by certified mail of its meeting to the City of Cedar Rapids, the City of Fairfax, the Linn County Board of Supervisors, the Linn County Attorney, the East Central Iowa Council of Governments, and the Iowa Department of Transportation. A copy of the annexation request was enclosed.

At the meeting, the Board informed the City that the proposed annexation would create an island.[1] In order to avoid denial of the application, the Roemigs and the City agreed to amend the description of the territory to be annexed to avoid the creation of an island by excluding a 150 foot by 300 foot tract. *See id.* § 368.7(3). The Board then approved the annexation of the Roemigs' property. It also corrected the error in Roemigs' legal description to correctly describe the land as the "N½ of the SW¼," but misdescribed the tract as section 35–53–8.

On August 2, 1995, Gorman, a resident of Cedar Rapids, filed a pro se petition for judicial review of the Board's decision. He was not involved in the annexation proceedings until he filed this petition. Through an attorney, Gorman subsequently filed an amended petition. He claimed that the action of the Board (1) was without jurisdiction, (2) violated the notice and hearing requirements of the Iowa Code, (3) was arbitrary, unreasonable, and capricious, and (4) was without substantial supporting evidence.

---

1. An island means "land which is not part of a city and which is completely surrounded by the corporate boundaries of one or more cities." Iowa Code § 368.1(10).

Following a hearing, the district court upheld the Board's decision but remanded the case for correction of the Board's misdescription of the property section. The court concluded that "[Gorman's] arguments as to the irregularity of the proceedings, lack of jurisdiction, and arbitrariness of the decision in this matter are without merit. The record demonstrates substantial compliance with the statutory requirements." Gorman filed timely notice of appeal.

## II. *Scope of Review.*

■ Iowa Code section 368.22 governs our scope of review. That section provides that its provisions and those of Iowa Code chapter 17A are the exclusive means of seeking judicial review of an agency action involving Iowa Code chapter 368. *See* Iowa Code § 368.22; *City of Waukee v. City Dev. Bd.*, 514 N.W.2d 83, 85 (Iowa 1994). Section 368.22 provides in part:

> The court's review on appeal of a decision is limited to questions relating to jurisdiction, regularity of proceedings, and whether the decision appealed from is arbitrary, unreasonable, or without substantial supporting evidence. The court may reverse and remand a decision of the board or a committee, with appropriate directions.

Iowa Code § 368.22. Thus, our review is limited to the sole question as to whether the district court correctly applied the law. *Dickinson County v. City Dev. Comm.*, 521 N.W.2d 466, 468 (Iowa 1994); *City of Des Moines v. City Dev. Bd.*, 473 N.W.2d 197, 199 (Iowa 1991). To make this determination, we ask whether the agency action is supported by substantial evidence in the whole record made before the agency. *City of Des Moines*, 473 N.W.2d at 199. If our conclusions are different than the district court's, reversal may be required. *Dickinson County*, 521 N.W.2d at 468.

## III. *Background on Voluntary Annexation Proceedings.*

Annexation involves "the addition of territory to a city." Iowa Code § 368.1(2). Annexation law is purely statutory, and Iowa Code chapter 368 governs voluntary and involuntary annexation proceedings. *See id.*

§ 368.7; *City of Des Moines*, 473 N.W.2d at 199. An annexation is voluntary when "all of the owners of land in a territory adjoining a city ... apply in writing to the council of the adjoining city requesting annexation of the territory." Iowa Code § 368.7(1).

■ The purpose of section 368.7 is to avoid the costly and involved procedures governing involuntary annexations. *City of Waukee*, 514 N.W.2d at 87; *see* Iowa Code § 368.11. An application for voluntary annexation must include two items: (1) a legal description of the territory to be annexed; and (2) a map of the territory showing its location in relationship to the city. Iowa Code § 368.7(1); *see* Iowa Admin. Code r. 263–1.7 (1991). There is a statutory presumption of validity for voluntary annexation approval. Iowa Code § 368.6.

All applications for voluntary annexation must be approved by resolution of the city council that receives the application. *Id.* § 368.7(2)–(3). In addition, if the land is in an urbanized area, the application must also be approved by the Board. *Id.* § 368.7(3).

## IV. *Jurisdiction and the Board's Findings.*

■ Gorman first contends the district court should have determined as a matter of law that the error in the legal description failed to satisfy the statutory requirements; thus, the Board did not acquire jurisdiction of the proceedings. In other words, Gorman claims the Board did not have authority to approve the annexation without a correct legal description and without the consent of all landowners included in the description. We reject this argument.

The Board clearly has jurisdiction over voluntary annexation proceedings. Iowa Code chapter 368 created the Board for the express purpose of handling city development proceedings, including annexations. *See id.* §§ 368.7(3), 368.9. Before it can approve an annexation application, the Board must determine whether there is substantial compliance with the statute. It can only do this by exercising its jurisdiction and examining the application. If the application does not substantially comply with statutory re-

quirements, the Board must deny the application.

◼ Gorman further claims that the Board never actually determined whether the application, resolution, and notice substantially complied with the statute. Therefore, he argues, the district court erred in determining that no person was misled by the error and that the application substantially complied with the statutory requirements. We disagree.

The Board clearly made a determination that the City's request for approval and the annexation were in substantial compliance with the statute. In its conclusions of law, the Board stated: "The City of Cedar Rapids' request for Board approval and the annexation is in substantial compliance with Iowa Administrative Code rule 263–1.7," which is the rule implementing Iowa Code section 368.7. Gorman is correct in noting that, in appeals from chapter 368 cases, an appellate court may not determine the merits of the controversy before it. *City of Waukee*, 514 N.W.2d at 90. However, if the agency has considered and acted upon a specific issue, the appellate court may review the agency's action. *See Ravreby v. United Airlines, Inc.*, 293 N.W.2d 260, 264 (Iowa 1980).

In this case, the Board specifically concluded that the City Council's resolution conformed with Iowa Code section 368.7 and that the annexation was in substantial compliance with administrative rules. Based on the Board's findings and conclusions of law, the district court had jurisdiction to review the Board's actions.

### V. *Compliance with Iowa Code Section 368.7.*

◼ We next determine whether the annexation complied with Iowa Code section 368.7. Gorman argues that the annexation application failed to satisfy the statutory requirements because the legal description did not include two-thirds of the Roemigs' land. The Board claims the requirements of chapter 368 were satisfied because a "correct" map with a "correct" description was enclosed with the application, and none of the interested parties were misled.

◼ The Board is correct in stating that failure to comply with every word of the annexation statute is not fatal. *City of Des Moines*, 473 N.W.2d at 200. In other words, substantial compliance with the procedural law is sufficient. *Id.* We have defined substantial compliance as "compliance in respect to essential matters necessary to assure the reasonable objectives of the statute." *Burnam v. Board of Review*, 501 N.W.2d 553, 554 (Iowa 1993); *Superior/Ideal, Inc. v. Board of Review*, 419 N.W.2d 405, 407 (Iowa 1988). Because substantial, rather than minimal, compliance is required, parties are encouraged to comply with the statute and provide accurate information in all annexation proceedings.

Legal descriptions are an important part of a voluntary annexation proceeding because they are relied on by property owners, the approving authorities, and the public. Incorrect descriptions can cause significant problems in annexation proceedings. Depending on whether the territory is an urbanized or non-urbanized area, legal descriptions are provided to the Secretary of State, county boards of supervisors, affected public utilities, the Iowa Department of Transportation, and regional planning authorities. *See* Iowa Code §§ 368.7(2), (3). If the property is in an urbanized area, notice of the application, including the legal description, must be published in an official county newspaper prior to any action by the city council. *Id.* § 368.7(3). The city clerk or the Board must file and record a copy of the legal description, map, and resolution with the county recorder when the annexation is completed. *Id.* §§ 368.7(2), (3).

We conclude the Roemigs' application did not satisfy the reasonable objectives of the statute. It did not give notice as to the property under consideration for voluntary annexation. In determining whether the erroneous description satisfies the requirement of substantial compliance, we consider the impact of the error upon the proceedings. If a small error causes significant problems, the statutory requirements are not satisfied. Here, the Roemigs erred by describing the property as the "N½ of the SE¼" instead of the "N½ of the SW¼." As a result, two-thirds

of the property intended to be annexed was not included in the legal description, and forty acres were included that were not owned by the applicants nor intended to be annexed. A description with these significant errors does not substantially comply with Iowa Code section 368.7.

The Board cites several cases in support of its position that defects such as the one in this case are insufficient to invalidate the proceedings. We do not believe those cases are factually similar. In *City of Muscatine v. Waters,* 251 N.W.2d 544 (Iowa 1977), and *City of Clinton v. Owners of Property Situated Within Certain Described Boundaries,* 191 N.W.2d 671 (Iowa 1971), the descriptions were challenged as insufficiently detailed. In both cases, we held that metes and bounds descriptions are not required by statute. *City of Muscatine,* 251 N.W.2d at 551; *City of Clinton,* 191 N.W.2d at 674. Here, there is no challenge that the description was insufficient; rather, the challenge involved the incorrect legal description of Roemigs' property.

In *Incorporated Town of Windsor Heights v. Colby,* 249 Iowa 802, 89 N.W.2d 157 (1958), the legal description listed a creek as "Walnut Creek" when it should have been "North Walnut Creek." We held that this technical misdescription was not substantial and did not misinform any of the involved parties. *Windsor Heights,* 249 Iowa at 806–07, 89 N.W.2d at 159. In *Wall v. County Board of Education,* 249 Iowa 209, 86 N.W.2d 231 (1957), there was a slight typographical error in a lengthy description of real estate. There, we noted the error was not made in the original document and held that it did not affect an election involving the reorganization of school districts. *Wall,* 249 Iowa at 221, 86 N.W.2d at 238–39. Here, the error occurred in the Roemigs' original written request. It was substantial and was not corrected until after both the City and the Board had approved the annexation.

The Board also argues the application is in substantial compliance with section 368.7 because the enclosed map contains a correct description of the property. We disagree. It is of central importance to the entire annexation proceedings that the legal description of the area to be annexed be sufficient to identify the affected property. Although a city is not required to publish notice of a voluntary application for annexation of a territory that is not within an urbanized area, a city is required to publish notice of the application at least ten days prior to any action by the City Council on the application if the land is within an urbanized area. Iowa Code § 368.7(3). Clearly, this requirement of published notice implies a requirement that the territory be legally described. Further, because the Roemigs' property was in an urbanized area, published notice was statutorily required. *See id.* Here, the description relied upon throughout the proceedings, including that published in the newspaper, was incorrect. Thus, there was not proper notice to the public and other potentially interested parties of what property was intended to be annexed.

## VI. *Conclusion.*

We find the record does not show substantial compliance with the statutory requirements for a voluntary annexation of territory within an urbanized area of the City. We reverse the district court's ruling that affirmed the Board's approval of the annexation.

**REVERSED.**