# IN THE COURT OF APPEALS OF IOWA

No. 23-1453
Filed January 9, 2025

**CITY OF DUBUQUE,**
　　Plaintiff-Appellant,

**vs.**

**CITY DEVELOPMENT BOARD,**
　　Defendant-Appellee.
_____

　　Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

　　A city appeals the district court's ruling on judicial review, which affirmed a voluntary annexation. **AFFIRMED.**

　　Maria E. Brownell and Logan S. Brundage of Ahlers & Cooney, P.C., Des Moines, for appellant.

　　Brenna Bird, Attorney General, and Eric Dirth, Assistant Attorney General, for appellee.

　　Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

The City of Dubuque (Dubuque) appeals the district court's ruling on judicial review, which affirmed a voluntary annexation. Upon our review, we affirm.

## I.    *Background Facts and Proceedings.*

On December 30, 2021, property owners submitted a 100% voluntary annexation request to the City of Sageville, Iowa (Sageville). In their applications, the residents cited several reasons for the proposed annexation: their desire to join the Sageville community; the lack of available county services, including high-speed internet; and the irregularity of boundaries in the area, which resulted in properties that fell within multiple jurisdictions. Because of a 2016 agreement, which prevented Dubuque from annexing Sageville land, the properties could only be merged under one jurisdiction by annexation into Sageville.

In April 2022, Sageville brought the annexation request to the City Development Board of the State of Iowa (the Board). Because Sageville, the residents of the annexed territory, and the county all agreed to the proposed annexation, the Board treated this request as a 100% voluntary annexation. Several board meetings were held in summer and fall 2022, in which the annexation applications were discussed. One of the central concerns was Sageville's ability to provide adequate municipal services. As of the June meeting, Dubuque was not providing any services to the proposed annexed territory and the county was only providing rural services, if any. But Dubuque argued the annexation should be denied because the Board was bound by two prior decisions in 2003 and 2005 respectively, in which it denied two separate applications for annexation because Sageville was unable to provide municipal services. But

Sageville argued that it had many substantial improvements since its change of leadership in 2019, including street building and maintenance, fire department services contracted through a nearby town, part-time staffing, the building of a new "satellite Fire Department facility" and city hall, codification of city ordinances, and development of a comprehensive plan. While Sageville levies no property taxes, its mayor explained to the Board that these improvements were funded by sales and road taxes, a cable television franchise, liquor licensing and permitting, and cropland leases. The Board also heard arguments about the internet access issue, in which it found that Mediacom provided high-speed service to Sageville residents only.

The Board ultimately approved the annexation, finding a presumption of validity applied despite Sageville providing "only a rural level of services." *See* Iowa Code § 368.6 (2023) (expressly providing "a presumption of validity for voluntary annexation approval"). Dubuque petitioned for judicial review on four of the five applications, which were later consolidated into one case.[1] The district court affirmed the Board's decision. Dubuque appeals.

## II.    *Review.*

Our review is limited to whether the Board's decision was "without substantial supporting evidence." *See* Iowa Code § 368.22(2). "There is

---

[1] The fifth application, which was not appealed, was exempt from the Board approval process because the parcels were "not within an urbanized area of [another] city." *See* Iowa Code §§ 368.1(16) (defining an "[u]rbanized area" as "any area of land within two miles of the boundaries of a city"), 368.7(3) (describing the process for voluntary annexation requests "within an urbanized area"). Because they did not require Board approval, they were not part of the subsequent proceedings, and we do not consider them on appeal.

substantial evidence if a reasonable person would find the evidence adequate to reach such a decision." *Pruss v. Cedar Rapids/Hiawatha Annexation Special Loc. Comm.*, 687 N.W.2d 275, 284 (Iowa 2004) (cleaned up). In making this determination, "we ask only whether the district court correctly applied the law." *Dickinson Cnty. v. City Dev. Comm.*, 521 N.W.2d 466, 468 (Iowa 1994).

### III. Discussion.

On appeal, Dubuque alleges the district court erred by: (1) presuming the annexation is valid; (2) failing to apply applicable administrative rules; and (3) considering improper evidence. We consider each argument in turn.

### A. Background on Voluntary Annexations.

"There are two types of voluntary annexations—100% annexations and 80/20 annexations." *City of Asbury v. Iowa City Dev. Bd.*, 723 N.W.2d 188, 194 (Iowa 2006). This action concerns a 100% voluntary annexation, in which "all of the property owners in the territory request the adjoining city to annex their land." *Id.* Both annexation types "require approval by the annexing city via a resolution by the city council." *Id.* Further approval by the Board is also required when the annexing territory is within an "urbanized area" or one where the territory is "within two miles of the boundaries of a city." *See* Iowa Code §§ 368.1(16) (defining an "[u]rbanized area"), 368.7(3) (requiring Board approval). "[A]pplications for voluntary annexation are explicitly afforded a presumption of validity." *Pruss*, 687 N.W.2d at 281; *accord* Iowa Code § 368.6 (expressly providing "a presumption of validity for voluntary annexation approval").

*B. Presumption of Validity of Voluntary Annexation.*

Dubuque concedes that such a presumption applies here, as the annexation request meets the criteria for voluntariness. But Dubuque relies on section 368.7(4) to argue that this presumption was rebutted because Sageville is unable to provide services to the annexed territory. *See* Iowa Code § 368.7(4) (setting guidelines for approving competing annexation applications); *City of Waukee v. City Dev. Bd.*, 590 N.W.2d 712, 721 (Iowa 1999) (finding this presumption "is not irrebuttable"). We disagree. Section 368.7(4) is utilized for competing annexation requests, and this is not a circumstance in which two cities are vying for the same territory. *See, e.g.*, *Pruss*, 687 N.W.2d at 278; *see also* Iowa Code § 368.7(4) (applying municipal-services requirement when "one or more applications for a voluntary annexation *and one or more petitions for an involuntary annexation*" are submitted "within thirty days" of each other (emphasis added)). Because we have only one 100% voluntary annexation request, section 368.7(4) is not applicable.

But even if section 368.7(4) applied, Dubuque failed to rebut the presumption of validity. Although Dubuque argues that the court's finding that Sageville could provide the services is "arbitrary and unreasonable," it provides no basis for this conclusion apart from the denial of two applications, which are inapplicable here.[2] Dubuque claims that the Board's decision "will result in a lower

---

[2] Dubuque offers no authority for its argument that the Board was bound by its previous decisions in 2003 and 2005. *See* Iowa R. App. P. 6.903(2)(g)(3) (now rule 6.903(2)(a)(8)(3)) (requiring the parties to develop arguments and include supporting authority or risk "waiver of that issue"). Even if we did not consider this issue waived, for the reasons stated below, we find these prior decisions inapposite.

level of municipal services," but the evidence does not support its claim. The Board weighed what the residents would lose (certain ordinances and a more-developed comprehensive plan) against the residents' wishes and the potential benefits. The record is replete with Sageville's improvements in recent years, including the creation of new services and the improvement of existing services. While Dubuque may disagree with the court's conclusion, it cannot show that the Board's decision was "without substantial supporting evidence." *See* Iowa Code § 368.22(2). We therefore must presume that the voluntary annexation is valid.

*C. Applicability of Administrative Code.*

Dubuque next argues that the Board was barred from approving the annexation by Iowa Administrative Code rule 263-7.7(2), which directs the Board to deny applications barred by Iowa Code section 368.17. Under section 368.17(4), the Board may not approve annexation unless the annexing city "will be able to provide to the territory substantial municipal services and benefits not previously enjoyed by such territory." But section 368.17 does not apply to voluntary annexations. *See City of Des Moines v. City Dev. Bd. of St. of Iowa*, 473 N.W.2d 197, 200–01 (Iowa 1991) (finding "the provisions of [section 368.17] . . . thwart the legislative scheme of distinguishing between voluntary and involuntary annexations" and declining to apply them). Even if it did, we have already determined that substantial evidence supports the court's finding that Sageville is capable of providing municipal services, and therefore, Dubuque's argument is without merit.

*D. Consideration of Private Internet Service.*

Finally, Dubuque contends that the "district court erroneously considered" the availability of private internet services in its annexation decision. Specifically, the district court's ruling noted that Mediacom only provided high-speed internet to Sageville residents.[3] Dubuque argues that because Mediacom could *legally* offer high-speed internet, the court should not have been able to consider this as evidence. But whether Mediacom was legally able to provide an internet service is irrelevant, and we do not find the court erred by considering it. The Board treated the internet availability as evidence of the voluntariness of the request, with multiple applicants citing the internet service as one of many reasons for the annexation. The Board was not only *allowed* to consider such information, but it was *required* to give deference to the residents' wishes when making its decision. *See* Iowa Code § 368.6 ("It is the intent of the general assembly to provide an annexation approval procedure which gives due consideration to the wishes of the residents of territory to be annexed . . . ."). Accordingly, we must affirm.

## IV. Disposition.

Because the district court did not err in its ruling on judicial review, we affirm.

**AFFIRMED.**

---

[3] But the court also expressly stated that "the Board's ultimate decision . . . was based on more than just the ability to receive high speed internet."