C. C. BOWEN et al., Appellees,

v.

STORY COUNTY BOARD OF SUPERVISORS et al., Appellants.

No. 55533.

Supreme Court of Iowa.

July 3, 1973.

**570**

John R. Hattery, Nevada, and T. G. Garfield, Ames, for appellants.

Miller & Rader, Nevada, for appellees.

Heard before MOORE, C. J., and RAWLINGS, LeGRAND, UHLENHOPP, and McCORMICK, JJ.

McCORMICK, Justice.

Defendants appeal a trial court certiorari judgment nullifying a rezoning by the Story County Board of Supervisors of 80 acres southwest of Ames in Story County owned by Glenn D. and Maxine Carlson. Plaintiffs are 16 neighboring owners and residents. Defendants include the board, its three members, the county auditor, and the county zoning administrator. Trial court found the board action rezoning the Carlson land from A–1, agricultural, to R–3, residential-mobile home parks, constituted illegal spot zoning. We are unable to reach that issue because we find the board acted without jurisdiction and on that basis affirm the trial court.

Two questions are presented: (1) Did the board have jurisdiction to approve the rezoning? (2) Are plaintiffs barred from asserting the jurisdictional issue?

I. *The board's jurisdiction.* The zoning power of county boards of supervisors is provided for in chapter 358A, The Code. Its general scope is defined in § 358A.3. The board is authorized to divide the county into districts and adopt zoning regulations and restrictions in § 358A.4. Standards and objectives are in § 358A.5.

The manner of adoption of regulations, restrictions, and district boundaries is prescribed in § 358A.6:

"The board of supervisors shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, and enforced, and from time to time amended, supplemented or changed. However, no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least fifteen days notice of the time and place of such hearing shall be published in a paper of general circulation in such county. Such notice shall state the location of the district affected by naming the township and section, and the boundaries of such district shall be expressed in terms of streets or roads wherever possible."

We are here concerned with a zoning change. Procedure for changes and amendments is found in § 358A.7:

"Such regulations, restrictions, and boundaries may, from time to time, be amended, supplemented, changed, modified, or repealed. * * * The provisions of section 358A.6 relative to public hearings and official notice shall apply equally to all changes or amendments."

The rezoning was recommended by the county zoning commission an advisory body established under § 358A.8:

"In order to avail itself of the powers conferred by this chapter, the board of supervisors shall appoint a commission, to be known as the county zoning commission, to recommend the boundaries of the various original districts, and appropriate regulations and restrictions to be enforced therein. Such commission shall, with due diligence, prepare a preliminary report and hold public hearings thereon before submitting its final report; and the board of supervisors shall not hold its public hearings or take action until it has received the final report of such commission. After the adoption of such regulations, restrictions, and boundaries of districts, the zoning commission may, from time to time, recommend to the board of supervisors amendments, supplements, changes or modifications."

Thus, the zoning commission is the recommending body and the board of supervisors is the legislative body. Where the county is being initially zoned, §§ 358A.6 and 358A.8 expressly require two public hearings, one before the zoning commission and a second before the board of supervisors. Where, as in this case, a zoning change is proposed, § 358A.7 prescribes public notice and hearing before the board of supervisors prior to such change. In addition, the implementing ordinance in Story County mandates a hearing before the zoning commission as to recommending zoning changes. Consequently, in Story County a public hearing must precede commission action to recommend a zoning change and an additional public hearing must precede board approval of such recommendation.

In the present case a public hearing was held only by the zoning commission. Plaintiffs appeared and objected to the rezoning of the Carlson land. The commission rejected their objections and recommended the zoning change to the board of supervisors. Contrary to Code § 358A.7, the board did not hold a public hearing prior to its resolution rezoning the Carlson land.

We have recently said, "Zoning is an exercise of police power and the legislative authority under which a governmental unit acts is to be strictly construed." Buchholz v. Board of Adjustment of Bremer County, 199 N.W.2d 73, 76 (Iowa 1972).

A statutory requirement of public hearing prior to a zoning change is mandatory and jurisdictional. Carroll v. Zoning

Board of Review, 104 R.I. 676, 248 A.2d 321 (1968); Appeal of Kurren, 417 Pa. 623, 208 A.2d 853 (1965); 2 Yokley, Zoning Law and Practice, § 13.6 at 77–78 (Third Ed. 1965); annot. 38 A.L.R.3d 167, 180; see also Ioeger v. Schumacher, 203 N.W.2d 572, 575 (Iowa 1973); Buchholz v. Board of Adjustment of Bremer County, *supra*; Thompson v. Joint Drainage Dist. No. 3–11, 259 Iowa 462, 143 N.W.2d 326 (1966). We are not here concerned with the distinction between public and personal notice requirements. Compare Gallagher v. Board of Appeals, 351 Mass. 410, 221 N.E.2d 756 (1966) with Pitman v. Medford, 312 Mass. 618, 45 N.E.2d 973 (1942). Where a statute requires public notice, actual appearance by a few citizens cannot waive the right of all citizens to the statutory notice and opportunity for hearing.

We hold the failure of the board of supervisors to provide public notice and hearing as required by Code § 358A.7 deprived it of jurisdiction to rezone the Carlson land.

II. *Plaintiffs' right to challenge board jurisdiction.* Defendants assert plaintiffs are barred from asserting the board's want of jurisdiction because they did not raise the question before the board. Plaintiffs first raised the issue in their certiorari petition. Defendants rely on the principle stated in O'Connor v. Youngblade, 250 Iowa 808, 814, 96 N.W.2d 457, 461 (1959) that an inferior tribunal "does not act in excess of jurisdiction or otherwise illegally as to a matter not before it and courts will not review questions not presented to the inferior tribunal." Defendants' argument answers itself. The principle is applicable where a party assails the tribunal's action as in excess of jurisdiction or illegal, but it is not applicable where, as here, the tribunal is alleged to have had no jurisdiction to act at all. This exception is noted in a statement quoted by defendants in their reply brief from 14 Am.Jur.2d Certiorari § 63 at 829: "Objections *other than those involving jurisdiction* which have not been raised or decided in the lower court will not ordinarily be considered on certiorari * * *." (Italics supplied).

The rule as to preservation of error before an inferior tribunal is analogous to the familiar principle that questions or issues not presented to and passed upon by a trial court cannot be raised on appeal. See Quad County Grain, Inc. v. Poe, 202 N.W.2d 118, 119 (Iowa 1972), and citations. Jurisdiction of the trial court to act may nevertheless be attacked at any stage in order to avoid unwarranted exercise of judicial authority. State v. Wiese, 201 N.W.2d 734, 736 (Iowa 1972), and citations; see also Flynn v. Lucas County Memorial Hospital, 203 N.W.2d 613, 614 (Iowa 1972); Dimmitt v. Campbell, 260 Iowa 884, 151 N.W.2d 562 (1967). Similarly, lack of inferior tribunal jurisdiction to act may be urged in court even though not previously raised before the tribunal itself in order to avoid unwarranted exercise of such tribunal's authority. One does not ratify action of an inferior tribunal without power to take such action by failing to notify the tribunal of its lack of authority.

Plaintiffs are entitled to challenge the board's jurisdiction. Since the board was without jurisdiction, its action purporting to rezone the Carlson land is void. Trial court properly sustained the writ of certiorari. In so holding we do not intimate its basis for doing so was correct. Trial court should not have reached the merits of the rezoning and we do not do so. The rezoning is a nullity because the board lacked jurisdiction to approve it. The effect of this decision is to return the matter to the board of supervisors which, after compliance with the public notice and hearing requirements of the statute, may act anew on the rezoning recommendation of the zoning commission.

Affirmed.