OSAGE CONSERVATION
CLUB, Appellant,

v.

BOARD OF SUPERVISORS OF
MITCHELL COUNTY,
Iowa, Appellee.

No. 98–484.

Supreme Court of Iowa.

June 1, 2000.

Patrick J. Rourick, St. Ansgar, for appellant.

Aaron R. Murphy, Assistant County Attorney, Osage, for appellee.

McGIVERIN, Chief Justice.

The Board of supervisors of Mitchell County, Iowa seeks further review of a decision of the court of appeals which concluded that the Board's failure to comply with public notice and hearing requirements, see Iowa Code §§ 335.6 and 335.7 (1997), deprived the Board of subject matter jurisdiction to approve a proposed zoning change. The court of appeals concluded that the Board's decision was void and reversed a district court ruling upholding the Board's action and remanded the case to the Board for new appropriate proceedings.

Upon our review, we conclude that the Board's noncompliance with the statutorily required public notice and hearing requirements deprived the Board of subject matter jurisdiction concerning the proposed zoning change and that the district court therefore should have sustained plaintiff's petition for writ of certiorari challenging the zoning change. We therefore affirm the decision of the court of appeals.

## I. Background facts and proceedings.

Plaintiff Osage Conservation Club, hereinafter referred to as the Club, is a nonprofit corporation organized under the laws of the State of Iowa. The Club has its principal office located in Osage, Iowa. The Club owns a parcel of real estate located in rural Mitchell County, which is designated by the Mitchell County planning and zoning ordinance as an "A" agricultural district. For more than forty-five years, up to and including the present time, the Club has operated and maintained a rifle and pistol shooting range in the northeast portion of the Club's parcel of land.

James A. and Rebecca J. Havig own land located directly north of the Club's property and shooting range. Prior to November 1996, the Havigs' property was designated or zoned "A" agricultural and was bordered on the north, south and west by land designated as "A" agricultural.

On or about October 15, 1996, the Havigs submitted a proposed plat for a parcel of land known as the Sunset Acres Subdivision to the Mitchell County planning and zoning commission (commission) for approval. The plat proposed to subdivide the Havigs' property located immediately north and adjacent to the Club's property. The application also requested that the Havigs' property be rezoned from "A" agricultural to "R–1" residential.

The commission published notice in the local newspaper that a public hearing would be held on November 21, 1996, concerning the Havigs' proposal. Notice of the hearing was also mailed to the Club. Representatives of the Club appeared at the public hearing and meeting, indicating their resistance to the proposal that the Havigs' property be rezoned from "A" agricultural to "R–1" residential. At the conclusion of the hearing and after a vote, the commission approved the final plat submitted by the Havigs, including the rezoning of the Havigs' property from "A" agricultural to "R–1" residential. The commission's decision and recommendation were forwarded to the Mitchell County Board of supervisors.

The Board held no special hearing concerning the proposed zoning change and did not publish notice of the proposed zoning change in the local newspaper as required by Iowa Code sections 335.6 and 335.7.

On December 17, 1996, the Club's representatives appeared at a regular meeting of the Board of supervisors at which the proposed subdivision plat of Sunset Acres was being considered for final approval, voicing their opposition to the proposal. The Club did not raise the Board's non-

compliance with the statutory public notice and hearing requirements at the meeting.

The Board later adopted a resolution approving the proposed subdivision plat of Sunset Acres and the rezoning of the Havigs' property from "A" agricultural to "R–1" residential.

On January 16, 1997, the Club filed a petition for writ of certiorari in district court, challenging the Board's decision in approving the subdivision plat of Sunset Acres Subdivision and the rezoning of the Havigs' property. The Club did not challenge the jurisdiction or authority of the Board to act.

After a hearing, the court entered an order dismissing the Club's petition for writ of certiorari. The court concluded that the Board's decision approving the subdivision plat and subsequent change in zoning ordinances was valid as it was reasonably related to the public health, safety and welfare. The court also concluded that the Board's decision was not arbitrary or capricious and that the zoning amendment complied with the county's planning and zoning ordinance and with the county's land subdivision regulations. Finally, the court concluded that the Board's decision approving the plat and subdivision did not amount to illegal spot zoning.

The Club appealed, contending that the Board's rezoning action was (1) illegal spot zoning, (2) not supported by substantial evidence, and (3) not consistent with the county's comprehensive plan. The Club did not raise the issue of the Board's lack of subject matter jurisdiction or lack of authority to act on the rezoning application.

Upon our transfer of the case, the court of appeals discovered from the record that the Board failed to publish notice of and hold a public hearing as required by Iowa Code sections 335.6 and 335.7. The court noted that the Board's noncompliance with the public notice and hearing requirements was not raised before the Board or in district court, but concluded, relying on

*Bowen v. Story County Board of Supervisors,* 209 N.W.2d 569, 572 (Iowa 1973), that the issue could be raised anytime and proceeded to independently examine the issue on appeal. The court, again relying on *Bowen,* ultimately concluded that the Board's failure to comply with the public notice and hearing requirements deprived the Board of subject matter jurisdiction to approve the proposed zoning change of the Havig property, and that the Board's decision was therefore void. The court reversed the district court certiorari judgment and remanded the case to the Board for further appropriate proceedings concerning the Havigs' application for rezoning and approval of the subdivision plat.

We granted the defendant Board's application for further review.

## II. Scope of review.

■ This case comes to us from the district court's ruling on plaintiff's petition for writ of certiorari. Pursuant to Iowa rule of civil procedure 318, our scope of review on appeal from a district court's judgment in a certiorari proceeding is "governed by the rules applicable to appeals in ordinary actions." Our review in such cases is limited to correction of errors at law and we ordinarily are bound by the findings of the trial court if supported by substantial evidence in the record. Iowa R.App.P. 14(f)(1); *accord Sergeant Bluff-Luton Sch. Dist. v. City Council of Sioux City,* 605 N.W.2d 294, 297 (Iowa 2000).

## III. Lack of subject matter jurisdiction of the Board.

Although the issue was not raised by plaintiff Club on appeal, the court of appeals sua sponte concluded that the Board lacked subject matter jurisdiction to rezone the Havigs' property because the Board did not comply with the notice and hearing requirements of Iowa Code sections 335.6 and 335.7. Therefore, we must consider what effect, if any, the Board's noncompliance with the statutory public notice and hearing requirements had on

the effectiveness of the Board's zoning decision and the consequence of the Club's failure to raise that issue before the Board or in its certiorari action in district court.

### A. Applicable Iowa and other authorities.

Our legislature has given a county board of supervisors the authority over county zoning matters. *See* Iowa Code §§ 335.3, 335.6. This authority includes the power to designate areas of the county into districts and to regulate the use of property within those districts. *See id.* §§ 335.3, 335.4. Iowa Code section 335.6 provides:

> The board of supervisors shall provide for the manner in which the regulations and restrictions and the boundaries of the districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed. However, the *regulation, restriction, or boundary shall not become effective until after a public hearing, at which parties in interest and citizens shall have an opportunity to be heard.* Notice of the time and place of the hearing shall be published as provided in section 331.305. The notice shall state the location of the district affected by naming the township and section, and the boundaries of the district shall be expressed in terms of streets or roads if possible. The regulation, restriction, or boundary shall be adopted in compliance with section 331.302.

(Emphasis added.) Pursuant to section 335.6, a county board of supervisors cannot exercise powers granted to it by the legislature over zoning matters until the specified statutory procedural requirements are satisfied. Specifically, the board must publish notice of such action at least once, not less than four and not more than twenty days before the date of the hearing, in one or more newspapers which meet the requirements of Iowa Code section 618.14. *See id.* § 331.305. These public notice and hearing requirements apply equally to all zoning changes or amendments. *See id.* § 335.7.

This case is factually similar to our decision in *Bowen*, 209 N.W.2d at 572. We stated the rule in *Bowen* that the statutory requirement of public hearing prior to a zoning change is mandatory and jurisdictional and that the failure of a county board of supervisors to provide public notice and hearing as required by Iowa Code section 358A.7 (1971) (the predecessor statute to present section 335.7), therefore deprived the board of jurisdiction to rezone certain property. We stated that the board's (an inferior tribunal) lack of jurisdiction to act may be urged *in court* even though not previously raised before the board itself in order to avoid unwarranted exercise of the board's authority. *Id.* In doing so, we rejected the board's contention that plaintiffs, those persons opposing the rezoning decision, had waived the issue of the board's noncompliance with the statutory notice and hearing requirements because they had failed to raise the issue before the board. *Id.* (Plaintiffs first raised the issue in their petition for writ of certiorari in district court challenging the board's rezoning decision.)

We reached a similar decision in *B. & H. Investments, Inc. v. City of Coralville*, 209 N.W.2d 115, 118 (Iowa 1973), decided the same day as *Bowen*. Citing *Bowen* and other authorities, we held in *B. & H. Investments* that the city's failure to give notice and hold a hearing before changing a zoning ordinance as required by Iowa Code sections 414.4 and 414.5 rendered the zoning ordinance void. *Id.* Quoting from one authority, we stated:

> Regardless of the type of notice called for by the statute, the basic requirement that notice be given is uniformly held to impose upon the zoning authority a mandatory duty to give it, in default of which jurisdiction to pass valid zoning measures is lacking. The rule that compliance with the statute is mandatory and jurisdictional has been announced in scores of cases and appears to prevail in

every jurisdiction where the question has been presented. Unless the statute provides otherwise, the rule making notice a mandatory and jurisdictional prerequisite to the passage of zoning measures is also applicable to ordinances amending or revising an original enactment or reclassifying property theretofore zoned.

*Id.* at 117–18 (quoting Annotation, *Validity and Construction of Statutory Notice Requirements Prerequisite to Adoption or Amendment of Zoning Ordinance or Regulation,* 96 A.L.R.2d 449, 455–56 (1964)); *see also* 1 Kenneth H. Young, *Anderson's American Law of Zoning* § 4.03, at 247–49 (4th ed.1996) (discussing the rule that statutory procedural requirements are regarded as mandatory and failure to substantially comply with such requirements renders a zoning ordinance invalid); 83 Am.Jur.2d *Zoning and Planning* § 581, at 472–73 (1992) (same).

### B. Application of law to facts.

■ Upon our review, we conclude that our decisions in *Bowen* and *B. & H. Investments* are controlling here and that the Board's failure to comply with the public notice and hearing requirements of sections 335.6 and 335.7 rendered its zoning decision void.

We first point out that the language of section 335.6 expressly states that a zoning "regulation, restriction, or boundary shall not become effective until after a public hearing" is held. Based on a plain reading of this language, we are convinced that section 335.6 is clear and unambiguous. We will therefore simply give effect to the language of section 335.6 as written. *See Drahaus v. State,* 584 N.W.2d 270, 274 (Iowa 1998) (when text of statute is plain and its meaning clear, court will not search for meaning beyond express terms of statute and will give effect to statute as written). In doing so, we easily conclude, as we did in *Bowen,* that the Board's compliance with section 335.6's public notice and hearing requirements is mandatory and a condition precedent to the Board's exercise of its power over zoning matters. Because the Board failed to comply with the notice and hearing requirements, the Board did not have subject matter jurisdiction to approve the Havigs' proposed zoning change. Consequently, the Board's decision approving the zoning change is illegal and void. This was our reasoning in *Bowen* and *B. & H. Investments* and we find no reason to depart from that reasoning in this case.

■ To conclude otherwise would mean that the purpose of the statutory notice and hearing requirements, which "is primarily to aid the Board in gathering information to discharge the legislative function," *Montgomery v. Bremer County Board of Supervisors,* 299 N.W.2d 687, 693 (Iowa 1980), would not be served. How else will a board of supervisors gather the relevant "information" if a public hearing after proper notice is not held? In any event, while personal notice to the affected property owners of proposed zoning changes may not be necessary in all cases, *see Quality Refrigerated Services v. City of Spencer,* 586 N.W.2d 202, 206 (Iowa 1998) (holding that notice to affected property owner by publication of proposed zoning amendments was sufficient for purposes of Due Process Clause of United States Constitution), at a minimum, a county board of supervisors must comply with the public notice and hearing requirements set forth in section 335.6.

■ We also conclude that plaintiff's failure to raise the issue of the Board's noncompliance with section 335.6 in its certiorari action in district court does not preclude consideration of that issue on appeal. This is because if the Board, because of its noncompliance with chapter 335 notice and hearing requirements, did not have subject matter jurisdiction to approve the zoning change, then it would not seem logical that the district court, which essentially sits in an appellate capacity, could acquire such jurisdiction to assess the validity of the Board's decision in the

certiorari action. *See In re Adoption of Gardiner,* 287 N.W.2d 555, 559 (Iowa 1980) (appellate court does not have jurisdiction of subject matter over which trial court lacks jurisdiction); *Ferguson v. Union Pac. R.R.,* 258 Neb. 78, 601 N.W.2d 907, 912–13 (1999) ("When a lower court lacks the authority to exercise its subject matter jurisdiction so as to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.").

Finally, in light of our above discussion, cases discussing the distinction between subject matter jurisdiction and authority to hear a particular case, *see Schrier v. State,* 573 N.W.2d 242, 244–45 (Iowa 1997); *State v. Mandicino,* 509 N.W.2d 481, 482 (Iowa 1993); *Christie v. Rolscreen Co.,* 448 N.W.2d 447, 450 (Iowa 1989), are not controlling here. Those cases dealt with the subject matter jurisdiction of the *district court* and not with the subject matter jurisdiction of an inferior tribunal, *i.e.,* the Board, to make a legislative decision.

In summary, we conclude that by failing to comply with the statutorily required public notice and hearing requirements, the Board did not have subject matter jurisdiction to approve the proposed zoning change. The Board's decision approving the Havigs' application to have their property rezoned was therefore void. The status of the Board's decision did not change as the case worked its way through the court system. Accordingly, we therefore affirm the decision of the court of appeals.

## IV. Disposition.

We conclude that by failing to comply with the statutorily required public notice and hearing requirements of Iowa Code sections 335.6 and 335.7, the Board did not have subject matter jurisdiction to approve the application for rezoning of Sunset Acres Subdivision.

We further conclude that the district court, sitting as an appellate court in certiorari review, likewise did not have subject matter jurisdiction to consider the merits of the Board's rezoning decision.

In view of the above conclusions, we do not address the issues raised in the Club's appellate brief concerning the merits of the Board's decision.

Accordingly, we affirm the decision of the court of appeals, reverse the district court judgment and remand the case to the Board for further appropriate proceedings.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.**

All justices concur except LAVORATO, J., who takes no part.