# IN THE COURT OF APPEALS OF IOWA

No. 3-1109 / 13-0475
Filed February 5, 2014

**ZUENDEL INVESTMENT, INC.**
    Plaintiff-Appellant,

**vs.**

**BOARD OF TRUSTEES OF THE**
**WATERWORKS AND ELECTRIC**
**LIGHT AND POWER PLANT OF THE**
**CITY OF WINTERSET, IOWA,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Madison County, Richard B. Clogg, Judge.

A real estate development company appeals from the district court's grant of summary judgment in a certiorari action. **AFFIRMED.**

Daniel L. Manning of Lillis O'Malley Olson Manning Pose Templemann L.L.P., Des Moines, for appellant.

Christopher D. Hagenow and Kendra Arnold of Whitaker, Hagenow & Gustoff, L.L.P., and Steven P. Wandro of Wandro & Associates, P.C., Des Moines, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**McDONALD, J.**

Zuendel Investment, Inc., (hereinafter "Zuendel") appeals from the district court's grant of summary judgment in favor of the Board of Trustees of the Waterworks and Electric Light and Power Plant of the City of Winterset (hereinafter "the Board"). At issue is the legality of a lease agreement between the Board and the Madison County Sportsmen's Club, Inc. (hereinafter "the Club"). The lease authorizes the Club to operate an outdoor shooting range on the City of Winterset's (hereinafter "the City") property in exchange for one dollar in annual lease payments. In the district court, Zuendel contended the lease is an illegal gift of city property in violation of Iowa Code section 364.7 (2011). On cross-motions for summary judgment, the district court held the issue was not preserved for judicial review. The district court also addressed the merits, holding the lease agreement was, in fact, a license and section 364.7 therefore did not apply. The district court also held that even if the lease agreement were a true lease rather than a license, the lease agreement did not constitute a gift because the lease was supported by consideration other than the dollar in nominal lease payments. We affirm the judgment of the district court.

I.

Zuendel is a real estate developer that owns and develops residential property in Winterset. The southeast corner of Zuendel's property development meets the northwest corner of the City's property on which the Club operates the shooting range. The property at issue comprises approximately seven acres of a larger tract zoned conservation-open space that is owned by the City and

managed by the Board. The Board is a political subdivision of the City and governed by Iowa Code chapter 388.

The continuous use of this property as a shooting range dates to more than thirty years ago. In 1980 or 1981, the Madison County Conservation Board, the Iowa State Conservation Commission, the U.S. Fish & Wildlife Service, the Club, and local officials, planned, funded, permitted, approved, and developed the shooting range. Initially, the Board provided the land for the range and entered into an agreement with the county conservation board to operate the range on the property for ten years at the nominal rate of one dollar per year. In the beginning, the Club provided assistance to the county conservation board in operating the shooting range. In 1988, pursuant to a shooting range management agreement, the county conservation board turned over operation and management of the shooting range to the Club to be operated for public benefit under the supervision of the county conservation board.

In 1991, the Board entered into a twenty-year lease agreement with the Club. The lease agreement permitted the Club to operate the range on the property now at issue in exchange for rent of one dollar per year. The Board reserved the right to revoke the lease agreement if the "activities carried on" constituted a hazard or danger to the public. As before, the Club operated the shooting range for public benefit, making the space available to the public for a variety of uses, including, but not limited to, law enforcement training, shooting meets, hunter education and training, and shooting facilities for the general public.

In 2011, the 1991 lease agreement was expiring and the Board considered entering into a five-year, renewable lease agreement with the Club to operate the shooting range. The Board provided public notice and conducted public hearings on the issue. Mr. Zuendel appeared before the Board with his attorney. At the Board meeting, Mr. Zuendel raised noise, health, safety, and environmental concerns about the shooting range. Zuendel also claimed the ongoing operation of the shooting range on the property was contrary to zoning ordinances and was inconsistent with the City's development plans for the area. In response, the Board conducted an investigation and held additional public hearings. The Board obtained expert opinions regarding range safety and environmental issues. The Board conducted homeowner interviews of those likely to be impacted by renewal of the lease agreement. The Board reviewed the zoning classification of the property at issue, the long-term planning and zoning objectives for the area, and any promises or understandings concerning continued operation of the shooting range after the 1991 lease agreement expired.

On May 23, 2011, the Board entered into a new lease agreement with the Club. The "Lease—Business Property" (hereinafter "2011 Lease") provides for a five-year "lease" of the property "only to operate Sportsmen's Club activities and a shooting range," with two additional five-year renewal periods. Zuendel filed a petition for writ of certiorari in the district court, asserting the 2011 Lease was prohibited as an illegal gift under Iowa Code section 364.7(3). The district court granted the Board's motion for summary judgment.

II.

Review of a district court's grant of summary judgment is for correction of errors at law. *See* Iowa R. App. P. 6.907; *Rivera v. Woodward Res. Ctr.*, 830 N.W.2d 724, 727 (Iowa 2013). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Iowa R. Civ. P. 1.981(3); *Christy v. Miulli*, 692 N.W.2d 694, 699 (Iowa 2005). We examine the record in the light most favorable to the nonmoving party. *See Minor v. State*, 819 N.W.2d 383, 393 (Iowa 2012). We afford the nonmoving party "every legitimate inference that can be reasonably deduced from the evidence, and if reasonable minds can differ on how the issue should be resolved, a fact question is generated" and summary judgment is not proper. *Bank of the W. v. Kline*, 782 N.W.2d 453, 456-57 (Iowa 2010) (citations omitted). "[O]ur review is limited to the determination of whether a genuine issue of material fact exists and whether the district court applied the correct law." *Id.* at 457.

III.

Zuendel contends the Board acted ultra vires and violated section 364.7(3) by "disposing of an interest in property" by gift. The Board contends that Zuendel lacks standing to challenge the Board's actions, that section 364.7 does not apply, and that the 2011 Lease is supported by consideration and not a gift.

6

A.

The Board raised the issue of Zuendel's standing in the district court, but the district court did not address the argument. Zuendel contends the issue is not preserved for appellate review because the Board did not obtain a ruling on its argument. Zuendel's shot is errant; the issue is properly before us. *See Se. Warren Cmty. Sch. Dist. v. Dep't of Pub. Instr.*, 285 N.W.2d 173, 176 (Iowa 1979) (noting that standing is jurisdictional and can be raised at any time).

To have standing to sue, "a party must have 'sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" *Citizens for Responsible Choices v. City of Shenandoah*, 686 N.W.2d 470, 475 (Iowa 2004) (citation omitted). Zuendel's property is adjacent to the shooting range, and the property could be impacted by the shooting range's operations. This is a sufficient interest to confer standing. *See Reynolds v. Dittmer*, 312 N.W.2d 75, 78 (Iowa Ct. App. 1981) (holding that property owners had standing to challenge government action taken with respect to adjacent property where action would affect owners' interests).

B.

Zuendel contends the Board's action in entering into the 2011 Lease is ultra vires as outside the scope of powers conferred on utility boards pursuant to Iowa Code section 388.4. The Board contends this issue was not preserved for appellate review because it was not raised before the Board or in the district court. Zuendel argues it can raise the issue now because the scope of the Board's authority is jurisdictional.

Zuendel's shot misses the mark. Although a claim that the court lacks jurisdiction may be raised at any time because it concerns the court's authority to proceed, a claim that a utility board acted outside the scope of its statutory authority must be raised first before the utility board and then again in the district court to be preserved for appellate review. *See Bowen v. Story Cnty. Bd. of Sup'rs*, 209 N.W.2d 569, 572 (Iowa 1973) (stating the rule of error preservation is "applicable where a party assails the tribunal's action as in excess of jurisdiction or illegal"). This is distinct from a claim that the Board was without jurisdiction to proceed because it did not provide the opportunity for notice and hearing prior to proceeding—which the Board did here. *See id.* (holding that failure to hold a public hearing deprived municipal entity of jurisdiction to proceed and jurisdictional challenge need not be raised before the municipal entity to be preserved for review). Because Zuendel's challenge goes to the Board's authority and not its jurisdiction, and because the challenge was not raised before the Board or before the district court, it is not preserved for our review. *See Bontrager Auto Serv., Inc. v. Iowa City Bd. of Adjustment*, 748 N.W.2d 483, 487 (Iowa 2008) ("A reviewing court will not entertain a new theory or a different claim not asserted on the board level."); *see also State v. McCright*, 569 N.W.2d 605, 607 (Iowa 1997) ("Issues not raised before the district court . . . cannot be raised for the first time on appeal."); *Bowen*, 209 N.W.2d at 572.

## C.

Zuendel contends that the 2011 Lease is an illegal gift of property prohibited by Iowa Code section 364.7. The district court held the question was not preserved for judicial review because Zuendel failed to raise the issue with

the Board. We agree with the district court that Zuendel failed to preserve error on this issue. *See Bontrager Auto Serv.*, 748 N.W.2d at 487; *Bowen*, 209 N.W.2d at 572. Further, Zuendel's failure to raise the issue in its main brief precludes our consideration of the issue. *See Aluminum Co. of Am. v. Musl*, 622 N.W.2d 476, 479 (Iowa 2001).

IV.

The district court was correct in concluding that Zuendel failed to preserve for judicial review the issue of whether the lease agreement was an illegal gift. We affirm the judgment of the district court.

**AFFIRMED.**