# IN THE COURT OF APPEALS OF IOWA

No. 20-0533
Filed January 21, 2021

**DAVID S. GRIFFITH, LILIANA SANTILLAN, GARY P. BRECHT, SANDRA FREDERICK, STEPHANIE R. DOUGHERTY, DENNIS R. COOTS and LETA ROSE,**
    Plaintiffs-Appellants,

**vs.**

**THE CITY OF LECLAIRE, IOWA, THE CITY COUNCIL OF THE CITY OF LECLAIRE, DENNIS GERARD, JOHN A. SMITH, JASON WENTLAND, BARRY LONG and AMY BLAIR,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Scott County, Stuart Werling, Judge.

Citizens appeal the annulment of a writ of certiorari related to the city's rezoning notice requirements. **AFFIRMED.**

Michael J. Meloy, Bettendorf, for appellants.

Paul L. Macek and Michael C. Walker, Davenport, for appellees.

Considered by Doyle, P.J., and Mullins and Greer, JJ.

**GREER, Judge.**

Seven property owners (property owners)—all within 200 feet of a proposed site for a Kwik Star convenience store—challenge the process employed by the City of LeClaire (City) for rezoning. In their petition for writ of certiorari, the property owners contended the City failed to send notices to four of the named plaintiffs who are real property owners within 200 feet of the site[1] as required by the city code, denying those property owners due process of law. They assert that these four owners did not receive a separate notice addressed to them individually by certified mail. The City met that challenge by filing a partial summary judgment motion related to the notice issue and succeeded by convincing the district court to dismiss the counts related to the property owners' position on notice. The property owners appeal the partial summary judgment ruling.[2] They limit the issue to whether proper notice was provided to the surrounding property owners as required by city ordinance. We find the City substantially complied with the notice requirements and the issue on the property owners' due process rights was not preserved for appeal.

**Standard of Review.**

"We 'review a district court ruling on a motion for summary judgment for correction of errors at law.'" *MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 882 (Iowa 2020) (citation omitted). "Summary judgment is proper when the moving party has shown 'there is no genuine issue as to any material fact and the

---

[1] The 3.3 acre real estate plot is located on Eagle Ridge Road in LeClaire and is locally known as the "Molumby" property.
[2] On February 25, 2020, the district court dismissed the property owners' case on reasons not relevant to this appeal.

moving party is entitled to judgment as a matter of law.'" *Id.* (citation omitted). "Summary judgment is appropriate 'if the record reveals only a conflict concerning the legal consequences of undisputed facts.'" *Id.* (citation omitted). "We review evidence in the light most favorable to the nonmoving party." *Id.*

We review the district court's judgment in a certiorari action for correction of errors at law. *See State v. Iowa Dist. Ct.*, 843 N.W.2d 76, 79-80 (Iowa 2014). We are bound by the findings of the trial court if supported by substantial evidence in the record. *See* Iowa R. App. P. 6.907; *Nash Finch Co. v. City Council of the City of Cedar Rapids*, 672 N.W.2d 822, 825 (Iowa 2003). That said, we are not bound by erroneous legal rulings that materially affect the court's decision. *See Chrischilles v. Arnolds Park Zoning Bd. of Adjustment*, 505 N.W.2d 491, 493 (Iowa 1993). We also review questions of statutory interpretation for the correction of legal error. *See Veatch v. Bartels Lutheran Home*, 804 N.W.2d 530, 533 (Iowa Ct. App. 2011). And "[s]ummary judgment is the appropriate remedy where questions of statutory interpretation are involved." *Gardin v. Long Beach Mortg. Co.*, 661 N.W.2d 193, 197 (Iowa 2003).

Our review of the constitutional due process claim is de novo. *See City of Des Moines v. Ogden*, 909 N.W.2d 417, 422 (Iowa 2018).

**Facts and Proceedings.**

Kwik Trip, Inc. is a Wisconsin corporation that operates convenience stores that also sell gasoline.[3] Kwik Trip applied to rezone the "Molumby" property in the City from a "R-1 Single Family Residential District" to a "C-3 Highway Oriented

---

[3] Kwik Trip, Inc. was the applicant on a project to build the Kwik Star convenience store and gas station.

Commercial Service District" designation.  The change would allow for construction

of a twenty-four hour, seven-day-a-week gas station and convenience store.  This

requested rezoning required amending the City's comprehensive plan.  Starting

with the planning and zoning commission (P&Z), the application process involved

several steps, summarized here:

| | |
|---|---|
| December 1, 2017 | Kwik Trip filed rezoning application. |
| December 28, 2017 | P&Z public meeting. |
| January 3, 2018 | City mailed public hearing notices |
| January 11, 2018 | P&Z public meeting—recommended denial of the rezoning. |
| January 22, 2018 | City council public hearing. |
| February 19, 2018 | City council meeting to approve Kwik Trip plan and amend comprehensive plan—first reading |
| March 19, 2018 | City council meeting—second reading, waived third reading, and approved the rezoning. |

This appeal involves notice by certified mail of the January 22 public hearing.

Notice was published in the Muscatine Journal on January 4.  But prior to that

council hearing, the property owners rallied a resistance to the rezoning before the

planning commission and persuaded P&Z to recommend denial of the rezoning.

Although P&Z rejected Kwik Trip's plan, the City council held a public hearing on

the proposal.  The City ultimately approved the rezoning by a vote of 4 to 1.

Not to be deterred, the property owners petitioned for writ of certiorari with

the district court, citing illegal actions by the City.  The property owners focus our

attention to the technical requirements of the LeClaire City Code section III.5-3.5.

That section provides:

> Notice of the time and place of any such public hearing conducted
> under this section will be published at least once, not less than seven
> (7) days, nor more than twenty (20) days before the hearing, in a
> newspaper of general circulation in the City of LeClaire.  In the case
> of a proposed amendment to the district map, said notice will also *be
> delivered by certified mail* not less than seven (7) days, nor more

than twenty (20) days, before the hearing *to all property owners* whose property boundaries lie within two hundred feet (200'), inclusive of any and all public and quasi-public right-of-way distances, of the boundaries of the property upon which the proposed amendment is to be considered.

(Emphasis added.) While a written notice was mailed to someone at each property in the named boundary, the property owners complain that the ordinance requires that the property owner receive the certified notice, separately addressed to each individual property owner. Here, the four property owners who did not receive a certified mailing addressed in their individual names were Leta Rose, Stephanie Dougherty, Dennis Coots, and Sandra Frederick. Still, each citizen was a joint property owner with a spouse who did receive a certified mailing providing notice of the hearing.[4] Because the notices were not mailed by certified mail to every named owner of the surrounding real estate, the property owners assert the action of rezoning must be void. The City concedes it did not separately address notices to every named property owner but maintains that it substantially complied by sending notices to an owner of all properties in the required area.

Both parties filed cross-motions for summary judgment on the notice issue. The district court then granted partial summary judgment addressing several of the counts raised in the property owners' writ of certiorari in the City's favor and denied the property owners' motion for summary judgment. The district court framed the issue around these arguments and noted:

The parties in this case are not asserting they were not informed or deprived of the opportunity to object; instead, they complain about not receiving their own individual notice. It should be noted that every property owner complaining about not receiving notice is a joint

---

[4] Household members receiving the certified mailing were Jeffrey D. Rose, Stephen Dougherty, Jana L. Coots, and Daniel Frederick.

property owner. Furthermore, it is undisputed that the individuals resided at the residence to which the notice was sent via certified mail. Additionally, at every residence the certified mail was signed for by a spouse or co-owner of the property. Although section III.5-3.5 requires notice to all property owners, it does not state that every property owner is to receive a separate notice via certified mail. If that had been the intention behind the statute it could have been drafted as such. Therefore, the Court finds the notice being sent to the address of each affected property to be sufficient as it was received by a spouse or co-owner of the property that could be reasonably expected to inform the joint owner.

The property owners assert the "sole issue upon appeal centers upon whether the City complied with the statutory requirements set forth in section III.5-3.5 of the [LeClaire City Code]." The property owners argue the district court erred in its interpretation of the City's notice of hearing requirement.

**Analysis.**

***Based on the language of the city ordinance, is the zoning change void because a certified mailing of the notice went to only one property owner of each household rather than to each individual owner directly?***

There are several undisputed facts to note in this discussion:

- A property owner of each property in the 200 foot radius of the rezoning received a notice of the public hearing.
- Each property owner who claims no notice was individually mailed to them had a spouse receive the notice.
- No one claims they did not know about the public hearing and so were unable to either object or attend.
- At the January 11 public hearing, many property owners filed a petition objecting to the rezoning proceeding, which included the signatures of Stephanie Dougherty, Dennis Coots, Leta Rose, and Sandra Fredrick.
- Counsel for these parties attended the public hearing and noted he represented Dennis Coots, Stephanie Dougherty, and the family of Jeffrey D. Rose, along with other named LeClaire citizens.
- The rezoning process was highly contested, with extensive media coverage, letters to the editor, and more than 60% of the property owners voicing concerns at the public meeting.

- The publication of notice of the public hearing was proper.

Yet the four aggrieved spouses who did not receive an individual certified notice emphasize the City violated the ordinance requiring it to provide to all property owners an *actual* notice of the January 22, 2018 public hearing on the rezoning issue.

First, without considering the local ordinance, it is undisputed the City followed the directives of Iowa Code section 414.4 (2018)[5] by publishing notice as required before the public hearings were held. Chapter 414 details "specific rules, powers and duties, related to city zoning." *Residential & Agric. Advisory Comm., LLC v. Dyersville City Council*, 888 N.W.2d 24, 40 (Iowa 2016). The statute requires a city council to give the community members published notice of the time and place of a public hearing with at least seven days' notice. *Id.*; *see also* Iowa Code § 362.3. A decision to rezone is a legislative function of a city council. *Dyersville*, 888 N.W.2d at 40. No one disputes compliance with this statute, so, presumably, the four property owners had notice by publication.

The property owners point to the language of the city ordinance and emphasize that there is no ambiguity in the requirement that notice must be sent

---

[5] This section provides:

> The council of the city shall provide for the manner in which the regulations and restrictions and the boundaries of the districts shall be determined, established, and enforced, and from time to time amended, supplemented, or changed. However, the regulation, restriction, or boundary shall not become effective until after a public hearing at which parties in interest and citizens shall have an opportunity to be heard. The notice of the time and place of the hearing shall be published as provided in section 362.3, except that at least seven days' notice must be given and in no case shall the public hearing be held earlier than the next regularly scheduled city council meeting following the published notice.

by certified mail *to all property owners* within a 200 foot radius of the property to be rezoned.  In interpreting an ordinance, we do not search for meaning beyond its express terms if the ordinance is plain and its meaning is clear.  *See Baker v. Bd. of Adjustment*, 671 N.W.2d 405, 416 (Iowa 2003).  With no ambiguity, the property owners assert that the district court was mandated to strictly interpret the ordinance.  So if it says send a notice by certified mail to all property owners, it means *all property owners*.  With the strict compliance argument in mind, the property owners offered affidavits confirming that while one property owner spouse received a notice of hearing, the other co-owner spouse's name was not on the certified notice.[6]

Still, none of the four property owners assert they did not know about the public hearing or, for that matter, the rezoning efforts.  In fact, all four signed the petition objecting to the rezoning that was presented at the public hearing.  The petition reflects that three of the four were represented by counsel at the public meeting.  In a January 11 letter to P&Z, the property owners' counsel confirmed, that along with other surrounding property owners, he represented Dennis and Jana Coots, Stephen and Stephanie Dougherty, and Jeffrey Rose and family and that all of his clients oppose the comprehensive plan and zoning request.

The City argues that, on its face, the ordinance does not require that each owner receive a separate certified notice or that each owner be specifically and individually named in the notice.  The City contends the intent is simply that the

---

[6] Interestingly, Dennis Coots, Stephanie Dougherty, and Leta Rose appear to have signed for the certified letters addressed to their spouses but mailed to their properties.

owners of each property within the 200 foot zone know of the public meeting on the proposed rezoning. The purpose of the 200-foot rule is to alert those adjacent owners to a zoning change near their property. *Dyersville*, 888 N.W.2d at 47. The City maintains that if notice is "delivered" to all effected properties through an owner, the purpose of the ordinance is met and it does not require separate delivery, individual delivery, or delivery by name. And the City emphasizes that each household of the four individuals claiming no individualized notice received notice of the public hearing. In the City's appellate brief it summarized the notice question with these details:

> Since (1) three of the four individuals mentioned on appeal *personally signed* for certified letters ("delivery"), (2) the spouse of the fourth signed for a certified letter (abode "delivery"), (3) Appellants *actually knew the time and place* of the City Council meeting, and (4) Appellants' attorney represented them at the hearing, the notice requirement was fulfilled.

We give deference to the City's interpretation of its zoning ordinances, but the final construction and interpretation involve questions of law for us to decide. *See Lauridsen v. City of Okoboji Bd. of Adjustment*, 554 N.W.2d 541, 543 (Iowa 1996). Providing notice of a hearing and holding a hearing is mandatory before rezoning can occur. *See Osage Conservation Club v. Bd. of Sup'rs*, 611 N.W.2d 294, 297–98 (Iowa 2000) (holding that the failure to comply with the statutorily required public notice and hearing requirements voided the county supervisors' rezoning action); *see also B. & H. Investments, Inc. v. City of Coralville*, 209 N.W.2d 115, 118 (Iowa 1973) (finding that the failure to provide notice or hold a hearing rendered zoning ordinance void). The burden is on the property owners

to establish the City exceeded its jurisdiction or acted illegally. *See Smith v. City of Fort Dodge*, 160 N.W.2d 492, 495 (Iowa 1968). They did not meet that burden.

The purpose of the notice of hearing and the hearing is to allow property owners to voice objections or opinions related to a rezoning of land. The property owners draw our attention to *B & H* and *Bowen* to urge the theme that unless proper notice under the ordinance is followed the rezoning is void. *See B & H*, 209 N.W.2d at 118; *Bowen v. Story Cty. Bd. of Sup'rs*, 209 N.W.2d 569, 572 (Iowa 1973) (holding that supervisors lacked jurisdiction to change zoning where no notice or hearing was provided for its action). But in each of those cases, no notice was given and no hearing was held before the rezoning was approved. *Bowen*, 209 N.W.2d at 572 ("Where a statute requires public notice, actual appearance by a few citizens cannot waive the right of all citizens to the statutory notice and opportunity for hearing."). But "failing to comply with every word of a statute is not fatal in every situation." *Dyersville*, 888 N.W.2d at 48 (holding that correction of an error in the legal description of the notice does not void the city action when substantial compliance was achieved). "The intent of the notice statute requires a public hearing during which concerned citizens may be heard." *Id.* at 49 (citing Iowa Code § 414.4). What we require is substantial compliance, which we have defined as "compliance in respect to essential matters necessary to assure the reasonable objectives of the statute." *Id.* at 48 (citations omitted). And while procedural steps required by a zoning ordinance are typically regarded as mandatory, we still have examined whether there was a failure to substantially comply. *See Osage Conservation Club*, 611 N.W.2d at 296–97; *see also* 1 Am. Law. Zoning § 8:3 (5th ed.). Notice to the adjacent owners is a reasonable and

required objective of the City's ordinance. To determine whether the City substantially complied by sending notices to only one of the joint property owners, we can consider the impact of the City's action upon the proceedings. *See Gorman v. City Dev. Bd.*, 565 N.W.2d 607, 610–11 (Iowa 1997).

Substantial compliance requires that the statute "has been followed sufficiently so as to carry out the intent for which it was adopted." *Bontrager Auto Serv., Inc. v. Iowa City Bd. of Adjustment*, 748 N.W.2d 483, 488 (Iowa 2008) (quoting *Brown v. John Deere Waterloo Tractor Works*, 423 N.W.2d 193, 194 (Iowa 1988)). The intent of the City ordinance was to provide notice to those property owners within the 200-foot range of the land to be rezoned so that those owners could participate in the discussion. Every household received the notice and, under these facts, all property owners knew about the public hearing from the receipt of that certified mailing. "The focus is on the reasonableness of the balance, and . . . whether a particular method of notice is reasonable depends on the particular circumstances." *Quality Refrigerated Servs., Inc. v. City of Spencer*, 586 N.W.2d 202, 205 (Iowa 1998) (quoting *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 484 (1988)).

The City points to *Hicks v. Franklin Cty. Auditor* for guidance. 514 N.W.2d 431, 436–37 (Iowa 1994). In *Hicks*, landowners did not contest the contents of the notice but objected that the notice was not mailed to each of the seventy landowners in the drainage district. The county auditor mailed notice to the primary owner noted in the real estate transfer book and in some cases to only one spouse rather than both. *Id.* Like this case, in *Hicks*, no landowner claimed they were not informed of the project or failed to have an opportunity to object. *Id.* Because the

reasonable objectives of the statute were met, the county substantially complied with the notice requirements. *Id.* Here, the property owners distinguish *Hicks*, because while each landowner did not get an individual notice, the auditor did identify the other owners on the envelope sent to the primary owner. *Id.* at 436. And the statute in *Hicks* did not require service to all property owners but only to the owner as shown by the transfer books.[7] *Id.* at 435–36. *Hicks* cautioned against imposing ultra-technical requirements on an inferior tribunal. *See id.*

Lastly, we address the property owners' protestation that the City ordinance is not ambiguous and requires a strict application—individual mailings to each property owner. "An ambiguity may arise from the meaning of particular words or from the general scope and meaning of a statute in its totality." *City of Okoboji, Iowa v. Okoboji Barz, Inc.*, 717 N.W.2d 310, 314 (Iowa 2006). The assessment of an ordinance requires consideration in its entirety so that the ordinance may be given "its natural and intended meaning." *Kordick Plumbing & Heating Co. v. Sarcone*, 190 N.W.2d 115, 117 (Iowa 1971). The pertinent language in LeClaire City code III.5-3.5 is "said notice will also *be delivered by certified mail . . . to all property owners* whose property boundaries lie within two hundred feet (200') . . . of the boundaries of the property upon which the proposed amendment is to be

---

[7] In *Hicks*, the pertinent statute mandated that notice had to be sent
> to the *owner of each tract* of land or lot within the proposed levee or drainage district *as shown by the transfer books* of the auditor's office . . . and *to all lienholders or encumbrancers* of any land within the proposed district without naming them, and *also to all other persons whom it may concern*, and without naming individuals *all actual occupants* of the land in the proposed district.

514 N.W.2d at 436 (alteration in original) (emphasis added).

considered." In reviewing the ordinance as a whole and applying the words used, under this record, while a notice was not addressed specifically to each individual property owner, the notice delivered to their household property by certified mail ensured that all property owners had actual notice of the public hearing. With the objective of the statute confirmed—notice of the public hearing—through a delivered certified mailing of notice, compliance with the notice requirements was met.[8]

*The Due Process Issue.  Were the four property owners' due process rights violated?*

The City maintains the property owners failed to preserve error on their due process claim. The property owners counter by pointing to their petition where the issue was raised and suggest the district court did rule on the issue.[9]  Yet the property owners did not brief or argue due process at the district court level and the district court did not rule on the issue. This argument has not been preserved, and we do not consider it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Besides, these aggrieved property owners knew of the hearing and had an opportunity to be involved. If the party, despite the alleged infirmities of the

---

[8] The district court analogized the ordinance notice requirement to Iowa Rule of Civil Procedure 1.305(1). The property owners disagree this rule saves the City. Because we resolve the question by determining the City substantially complied with its ordinance, we do not address this argument.

[9] There was one sentence referencing the right to attorney fees and costs based on a violation of due process at the end of the property owners' summary judgment filing.

process, received proper notice and a meaningful opportunity to be heard under the three-pronged test of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), the claimed illegality does not necessarily give rise to a due process violation. *See Behm v. City of Cedar Rapids*, 922 N.W.2d 524, 568 (Iowa 2019); *Weizberg v. City of Des Moines*, 923 N.W.2d 200, 212 (Iowa 2018).

**Conclusion.**

Under the facts presented here, we affirm the district court's annulment of the writ of certiorari.

**AFFIRMED.**